Benjamin P. Walcott *vs.* Inhabitants of Swampscott.

A town is not liable for an injury sustained by reason of the negligence of a laborer employed by one of its highway surveyors, to aid him in performing the duties of his office.

Tort for an injury received upon a highway from a collision with a cart driven by one O'Grady, a laborer employed by a highway surveyor of Swampscott to aid in repairing a highway. At the trial in the superior court, upon the facts proved, the defendants requested the court to rule that they were not liable for the acts of O'Grady; but *Wilkinson, J.* instructed the jury that if O'Grady was driving the horse and cart with which the plaintiff came in collision, with a load of gravel for the repair of the highway, and was employed so to do by the surveyor of the town, and the collision was caused solely by O'Grady's want of care in driving the horse and cart, the defendants were liable. A verdict was found for the plaintiff, and the defendants alleged exceptions.

*J. A. Gillis,* for the defendants.

*J. W. Perry,* (*A. B. Almon* with him,) for the plaintiff.

Bigelow, C. J. We cannot distinguish this case from *Hafford* v. *City of New Bedford,* 16 Gray,    . It was there held, that where a municipal corporation elects or appoints an officer

9 *

in obedience to an act of the legislature, to perform a public service, in which the city or town has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of its inhabitants or of the community, such officer cannot be regarded as the servant or agent of the town, for whose negligence or want of skill in the performance of his duties a town or city can be held liable. To the acts and conduct of an officer so appointed or elected the maxim *respondeat superior* is not applicable.

This is especially true in the case of surveyors of highways. They are elected by towns and cities, not because they are to render services for their peculiar benefit or advantage, but because this mode of appointment has been deemed expedient by the legislature in the distribution of public duties and burdens for the purposes of government, and for the good order and welfare of the community. They are, strictly speaking, public officers, clothed with certain powers and duties which are prescribed and regulated by statute. Towns cannot direct or control them in the performance of these duties; they cannot remove them from office during the term for which they are chosen; they are not amenable to towns for the manner in which they discharge the trust reposed in them by law; nor can towns exercise any right of selecting the servants or agents by whom they perform the work of repairing the highways. In the discharge of these general duties they are wholly independent of towns, and can in no sense be considered their servants or agents. It is only in certain specified cases, and under carefully guarded limitations, that they can bind towns by their acts. Rev. Sts. *c.* 25, §§ 13, 15. Gen. Sts. *c.* 44, §§ 11, 13, 14. *Sikes* v. *Hatfield*, 13 Gray, 347. It was decided by this court, in *White* v. *Phillipston*, 10 Met. 108, that the common rule of law, which makes the agent or servant liable over to his employer or master for damages sustained by him in consequence of the neglect of such agent or servant, does not apply to the acts of a surveyor of highways. The court there say he is not treated by the stat-

ute as a mere agent or servant whom the town has employed, and to whom he is responsible for neglect of duty. No one would pretend that a town would be liable for damages occasioned by the negligence or want of care of one of its inhabitants while engaged in working out the amount of his highway tax by making repairs on the roads. And yet we cannot see why such liability would not exist if the surveyor of highways, or the persons employed by him, can render the town chargeable for acts of carelessness while employed in performing similar labor. The truth is, that in neither case does the relation of principal and agent or master and servant exist.

In the case at bar, the injury sustained by the plaintiff was not occasioned by any negligence or want of care on the part of the surveyor himself, but by the carelessness of a person employed by him to make repairs on the road. To sustain this action, therefore, it would be necessary to hold that the defendants were liable not only for the acts of a public officer, but also for those of a person in his employment whom they did not select, and in whose employment to act in their behalf they could have no voice. This would be a clear violation of the principle, that the right of selection lies at the foundation of the liability of a master for the acts of his servant. The law does not hold parties responsible for the negligence or want of skill of those over whose selection and employment they could exercise no direction or control.      *Exceptions sustained.*