[No. 2,954.]

## SAMUEL POORMAN AND L. H. FOOTE v. ROBERT MILLER AND JAMES L. CLARK.

CONSTRUCTION OF DEED.—The case of *Mayo* v. *Mazeaux*, 38 Cal. 442, affirmed, on the point that the land in Sacramento conveyed by John A. Sutter to John A. Sutter, Jr., by deed, dated October 14th, 1848, was land described in the grant and subsequent patent to Sutter, Sr.

PAROL EVIDENCE OF CONTENTS OF A DEED.—Before parol evidence of the contents of a deed is admissible, it must be shown to have been lost or destroyed.

EVIDENCE OF CONTENTS OF A DEED.—When a deed is given of a tract of land with a reservation of a certain parcel of land within the tract, which had been before conveyed by the grantor to a third party, the boundaries of the reserved tract cannot be proved by a description contained in a deed of a later date from the same grantor to the same grantee, even if given in lieu of the former deed.

IDEM.—Such former deed is the best evidence of its contents, but if lost or destroyed, parol evidence of its contents is admissible.

IDEM.—In such case the declarations of the grantor and grantee in the later deed, that it was made in lieu of a former deed of the same land, are not admissible in evidence to lay the foundation for the admission of the later

deed in evidence for the purpose of fixing the boundaries of the land conveyed in the former deed.

EVIDENCE OF DECEASED WITNESS.—In order to entitle the testimony of a witness, since deceased, to be received in evidence, it must be shown that the testimony was given in a case in which the parties to the suit in which it is offered or their privies were parties.

DECLARATIONS AS EVIDENCE.—Declarations of a person, since deceased, not against, but in support of his own interest, are not admissible in evidence in favor of those who claim rights which the declarations would maintain.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The demanded premises are described in the complaint as follows: "Commencing on the east bank of the Sacramento River at the southeast corner of Sacramento City, and running from thence south fifty degrees and forty-five minutes east along the southerly line of what are called the 'Ten-acre Tracts' ninety-six chains and twenty links; thence due west to the Sacramento River; and thence up and along said Sacramento River to the place of beginning."

The plaintiffs, to maintain their action, offered in evidence the deed from Sutter, Sr., to Sutter, Jr., which contained the reservation "of one half mile of land lying in Sutterville, conveyed to one Langford W. Hastings, some time in the year 1845." Sutterville lies about three miles south of Sacramento on the Sacramento River. The plaintiffs also offered in evidence the following conveyances: Deed from Sutter, Jr., to Brannan, Bruce, Graham, and Wetzlar, dated June 20th, 1850, of "a tract of land situated on the Sacramento River, commencing at a point on the east bank of said river adjoining the land owned by George McKinstry; running thence up said river bank along the low-water line one half mile; thence in a direct line back from said river one mile; thence in a line parallel to the aforesaid river line southerly one half mile; and thence to the place of beginning."

Deed from same grantor to same grantees, dated October 17th, 1850, given to correct former description of that land "beginning at a point on the east bank of Sacramento River, adjoining the land owned by George McKinstry, running thence up the said river bank, along the low-water line, to a point where the southern boundary of Sacramento City strikes the river; thence southerly in a line parallel with said river line to a point in George McKinstry's northern line, one mile distant from the river; thence with said McKinstry's line one mile, to the point of beginning, so as to include, together with the first described piece of land, all that tract of land lying and being between George McKinstry's line and the southern boundary line of Sacramento City, fronting on the river, and one mile back therefrom."

Deed from Brannan, Bruce, Graham, Grant, Howard, and Werner, to Mesick, dated May 20th, 1859, of land bounded "on the north by the southern boundary of the City of Sacramento, extended from the east bank of the Sacramento River eastwardly to the east line of what is known as the ten-acre tracts; on the south by the north line of the tract of land sold and conveyed by John A. Sutter to John McDougal, and the north line of the tract of land conveyed by John A. Sutter, Jr., to George McDougal, by deed dated the 19th of January, A. D. 1849, recorded in the office of the County Recorder of said Sacramento County, in book C of deeds, page 78; on the east by said eastern boundary of said ten-acre tracts, and on the west by Sacramento River; and also embracing the said ten-acre tracts."

Deed from Wetzlar to Mesick, dated May 17th, 1859, of land bounded "on the north by the south line of said City of Sacramento, extending from the Sacramento River to the east line of what are known as the ten-acre tracts, lying between said city and the town known as Sutterville; on the east by said east line of said ten-acre tracts; on the south by the north of the tract of land conveyed by John A. Sutter

to one John McDougal, and the north line of the tract of land conveyed by John A. Sutter, Jr., to one George McDougal by deed dated January 19th, 1849, recorded in the office of the County Recorder of said county in book C of deeds, on page 78; and on the west by the said Sacramento River; and also embracing the said ten-acre tracts of land, together with the appurtenances."

Deed from Mesick to Madden, dated December 7th, 1864, of land " commencing at a point where Y street, the southern line of Sacramento City, intersects the Sacramento River, thence running south fifty degrees and forty-five minutes; east along the southern line of what are known as the ten-acre tracts, adjoining Sacramento City, ninety-six chains and twenty links; thence running due west fifty-nine chains and fifty links, to the east bank of the Sacramento River; and thence up and along said river bank to the place of beginning."

Deed from Tevis and Madden to the plaintiff, Poorman, dated August 16th, 1867, of an undivided one half of the demanded premises.

The plaintiffs then offered evidence tending to show that the demanded premises were not in the Town of Sutterville.

Deed from John A. Sutter to L. W. Hastings, dated November 30th, 1849, for the purpose of identifying the land sued for.

Defendants objected, because made subsequent to the deed made by Sutter to McKinstry. The Court overruled the objection. Before the deed was read Mesick testified that he had heard Sutter and Hastings both say that this deed was given in lieu of a deed given by Sutter to Hastings, in 1846, for the same land, and that he had heard Hastings testify to the fact under oath. The description in the deed from Sutter to Hastings was as follows: "Bounded on the north by lands owned by the said John A. Sutter, George McKinstry, and others; on the east by lands owned by the

said John A. Sutter; on the south by lands owned by the said John A. Sutter; and on the west by the Sacramento River, described as follows: Commencing at the corner of Main and Water streets, at the east bank of the Sacramento River; running thence in a northerly direction up and along the said river one half of a mile; thence in an easterly direction one mile; thence in a southerly direction one half of a mile; thence in a westerly direction one mile, to the place of beginning, being one half of the surveyed Town of Sutterville, formerly so called, now called Sutter, and containing one half of a square mile of land, or three hundred and twenty acres of land, to be the same, more or less."

Deed from John A. Sutter, Sr., to John A. Sutter, Jr., Cordua, McKinstry, Jr., and Bidwell, dated April 4th, 1849, of land, "commencing at the northwest corner of the Town of Sutterville, adjoining the part of said town now belonging to L. W. Hastings, Esq.; thence running up the Sacramento River one half mile, said line to commence at low water mark; thence running back on a line running at right angles with the aforesaid line of Hastings, to the distance of one mile; thence running southerly on a line parallel with the river bank one half mile; thence running in a direct line, to the place of beginning."

The plaintiffs recovered judgment, and the defendants appealed.

The other facts are stated in the opinion.

*Henry Starr*, for Appellants.

*Catlin & McFarland,* for Respondents.

By the Court, NILES, J.:

This is an action of ejectment to recover possession of one hundred and ninety-three acres of land in the County of

Sacramento. The plaintiff had judgment. The defendants appeal from the judgment and from the order overruling their motion for a new trial.

The plaintiffs derain their title through mesne conveyances from John A. Sutter, who held the land by grant from the Mexican Government, and to whom it was confirmed and patented by the United States.

It is admitted that the premises in controversy were included within the calls of the Sutter grant and patent. But the defendants contend that they were not shown to be within the calls of the deed of John A. Sutter to John A. Sutter, Jr., of October 14th, 1848. This conveyance was construed by this Court, in *Mayo* v. *Mazeaux*, 38 Cal. 442, and it was held that the land thereby conveyed was land described in the grant and subsequent patent to Sutter, Sr. It follows that the demanded premises were within the general calls of the deed of October 14th, 1848.

But this deed contained reservations of certain parcels of land which were included within the boundaries of the general description, but which had been previously conveyed to various parties, and among others, a reservation of "one half mile of land, lying in Sutterville, and conveyed to one Langford W. Hastings some time in the year 1845."

It may be conceded that the evidence sufficiently showed that the land in controversy was not included within the description of this or any other reservation of the deed. But it was essential to fix the location of the northerly line of the Hastings tract, as conveyed by Sutter, Sr., for the reason that it is the line to which the calls of the deeds of a series of other tracts, and finally of the deed under which the plaintiffs claim, must be referred. For this purpose plaintiffs offered a deed from Sutter, Sr., to Hastings, dated November 30th, 1849, purporting to convey a tract of land in the Town of Sutterville. This deed was of a date subsequent to the deed to one McKinstry, of the adjoining land,

which called for a starting point upon the northern line of the Hastings tract, and of another deed to one McDougal, of land bounded upon the south by the McKinstry tract.

In order to account for this discrepancy in dates, the plaintiffs introduced a witness, who testified that he had heard both Sutter, Sr., and Hastings say that the deed offered was given in lieu of a deed executed by Sutter, Sr., to Hastings, in 1846, for the identical tract of land described; that he had heard Hastings testify to the fact under oath, and that Hastings was reputed to be dead. Both the oral evidence and the deed were admitted against the objection of the defendants.

The fact to be ascertained was the line of the Hastings tract at the time when the deed to McKinstry of the adjoining land was made. The conveyance to Hastings of a subsequent date could not aid the determination of this question. If there was, as we may infer from the evidence, an older deed to Hastings, the instrument itself would be the best evidence of the extent and boundaries of the land conveyed. If it had been shown to have been lost or destroyed, parol evidence of its contents would have been admissible. But the testimony offered by the plaintiffs did not even tend to prove the loss or destruction of the deed, or account in any manner for their failure to produce it. Nor did they offer to show its contents by any admissible proof. The recountment of the declarations of Sutter and Hastings, that the deed offered was in lieu of the former deed, was hearsay evidence merely, and upon well settled principles should have been excluded. The case does not fall within any of the recognized exceptions to the general rule. Conceding that it was sufficiently proven that since the making of the declarations Hastings deceased, the declarations do not appear to have been against his own interest, and his testimony to the fact does not appear to have been given in any case

in which the parties to this suit, or their privies, were concerned.

We are of opinion that the admission of this evidence was error, for which the defendants are entitled to a new trial.

Judgment and order reversed, and cause remanded for a new trial.