[No. 3,745.]

P. L. WEAVER ET AL. v. JOHN S. WOOD ET AL.

SALE OF ATTACHED PROPERTY.—If two attachments, issued from different District Courts, are placed in the sheriff's hands, and one is issued and levied before the other, and the sheriff levies on personal property by virtue of both, although the Court from which the second attachment issued may make an order for the sale of the property, it has no power to dispose of the fund arising from the sale, other than the surplus remaining after the claim of the first attaching creditor is satisfied.

SHERIFF'S DUTY AS TO ATTACHMENTS.—If two attachments, issued out of different Courts, at different times, are placed in a sheriff's hands, and both are levied on the same personal property, and the Court, out of which the latest attachment issues, orders the property sold, and the proceeds deposited with its clerk, and the sheriff obeys, and the money is paid to the second attaching creditor, the sheriff is liable to the first attaching creditor for the amount for which he recovers judgment, or for the amount of the proceeds, if less than the amount of the judgment.

APPEAL from the District Court, Seventh Judicial District, County of Solano.

April 23, 1867, the plaintiffs sued Luther Hayward in the Fifteenth District Court, for the City and County of San Francisco, on a promissory note for $1,511 58, and in-

terest, and procured an attachment which was placed in the
hands of defendant Wood, who was sheriff of Solano County,
and he, on the 25th of the same month, levied on personal
property of Hayward, at Vallejo.   On the 3d day of May
following, one Harris sued Hayward in the Fourth District
Court, said city and county, and also procured an attach-
ment which was placed in Wood's hands, who, on the 6th
day of May following, levied it on the same property.   On
the 11th day of May, 1867, said Harris applied to the
Fourth District Court for an order to sell the attached
property, and deposit the proceeds in said Court.   On the
15th of May, 1867, the Fourth District Court granted the
order, requiring the sheriff to sell the attached property,
and deposit the proceeds in Court to abide the judgment
in the action.   Wood, the sheriff, obeyed the order, and
deposited in the Fourth District Court the proceeds of the
sale, amounting to $1,795, less his costs and expenses. The
clerk deposited the money with the Treasurer of the city.
The plaintiffs had knowledge of these proceedings, but were
not made parties, and did not appear therein.   On the 8th
of June, 1867, Harris recovered judgment against Hayward
for $1,535.   On the 31st of December, 1867, the Fourth
District Court ordered the amount of the Harris judgment
to be paid out of the proceeds, and the same was paid to
the attorneys for Harris.   On the 20th of January, 1872,
the plaintiffs recovered judgment against Hayward for
$2,672, and issued an execution which was placed in the
hands of the sheriff of Solano County, and returned wholly
unsatisfied.   They then brought this action against Wood
and his bondsman to recover the amount which they had
lost by the disposition made by him of the attached prop-
erty.   They alleged in their complaint that he had sold the
attached property, and refused to pay them the proceeds.
The Court below rendered judgment in favor of the de-
fendants, and the plaintiffs appealed.

*Gallagher & Pierson,* for the Appellants.

The sheriff was the agent of appellants and of Harris, the
junior attaching creditor, and was bound to respect the

priority of the appellant's attachment. (*Davidson* v. *Dallas*, 8 Cal. 227, 252; *M'Comb* v. *Reed*, 28 Cal. 281; *Dixey* v. *Pollock*, 8 Cal. 570, 573; *Sanford* v. *Boring*, 12 Cal. 539; *O'Connor* v *Blake*, 29 Cal. 312.)

Admitting that the sheriff would be justified in obeying process or orders regular on their face, he cannot be when such process or order is made without jurisdiction. The order in Harris' case was without jurisdiction. One Court cannot enjoin the process of another Court of co-ordinate jurisdiction, much less seize the proceeds of such process. (*Rickett* v. *Johnson*, 8 Cal. 34; *Revalk* v. *Krœmer*, Id. 66; *Chipman* v. *Hibbard*, Id. 268; *Phelan* v. *Smith*, Id. 520; *Anthony* v. *Dunlap*, Id. 26; *Uhlfelder* v. *Levy*, 9 Cal. 607.)

*H. F. Crane* and *Wm. S. Wells*, for the Respondents.

The Court had jurisdiction and power to make the order by virtue of the levy of the attachment on the property. The order was made pursuant to Section 654 Cal. Prac. Act. (Laws 1853, Sec. 66, p. 72.) The proceeds of the sale were deposited in Court pursuant to the statute. (Laws 1863 and 1864, p. 468.)

This was a judicial order, regular upon its face, and under the seal of the Court, issued out of a Court of general jurisdiction, and having jurisdiction of the subject-matter to which the order related, and the sheriff was justified in its execution, and the order is a perfect protection to him against recovery in this action. (*Savacool* v. *Boughton*, 5 Wend. 170; *Lewis* v. *Palmer*, 6 Wend. 368; *Parmely* v. *Hitchcock*, 12 Wend. 96; *Parker* v. *Walrod*, 16 Wend. 518–566; *Weber* v. *Gay*, 24 Wend. 487; *Dominick* v. *Eacker*, 3 Barb. 19; *Bennett* v. *Burch*, 1 Denio, 145; *Abbot* v. *Yost*, 2 Denio, 86.)

By the Court, NILES, J.:

The plaintiff, by the levy of the attachment from the Fifteenth District Court, acquired a lien upon the attached property for the payment of any judgment which he might ultimately recover against Hayward. This lien was lost to

him by the payment by the sheriff into the Fourth District Court of the entire proceeds of the sale of the property. There can be no question that the defendant is liable to the plaintiff for this loss, unless he was protected by the order of the Fourth District Court, made in the action of *Harris* v. *Hayward.*

Undoubtedly that Court had the power to order the attached property to be sold in the interest of all parties, and in accordance with the provisions of Section 654 of the Practice Act. But it was clearly beyond its power to interfere with the lien of the prior attachment issued from the Fifteenth District Court, or to dispose of any portion of the fund arising from the sale other than the surplus that might remain after the satisfaction of the appellant's claim. The sheriff, having both attachments in his hands, knew the extent of the demand of the first attaching creditor, and must be held to have known that the Fourth District Court could only deal with the excess of the proceeds of the sale over that demand.

It follows that the plaintiff is entitled to a judgment upon the findings. Since the amount of the plaintiff's judgment against Hayward exceeded the net proceeds of the sale of the attached property, paid by the sheriff into the Fourth District Court, the judgment should be for an amount equal to such net proceeds, with legal interest from the 9th day of April, 1872; that being the admitted date of the return of the execution in the case of *Weaver* v. *Hayward,* and the day from which interest is claimed in the complaint.

Judgment reversed and cause remanded, with directions to enter judgment for the appellant in accordance with the foregoing opinion.

Mr. Justice CROCKETT, being disqualified, took no part in this decision.