[S. F. No. 2733. Department Two.—October 1, 1903.]

ALFRED C. RULOFSON, Appellant, v. GEORGE E. BILLINGS, Executor, etc., of Winslow G. Hall, Deceased, et al., Respondents

CONTRACT—ADOPTION—HEIRSHIP—SPECIFIC PERFORMANCE—ESTATE OF DECEASED PERSON—EVIDENCE—DECLARATION OF DECEDENT.—In an action against the estate of a deceased person to enforce specific performance of a contract made by the decedent in his lifetime, to adopt the son of another person, and to accept him as sole heir of his property, the declarations of the decedent against his interest are admissible in favor of the plaintiff in support of the alleged contract.

ID.—SELF-SERVING DECLARATIONS.—The self-serving declarations by the decedent, made outside of the presence of the plaintiff, that he was only the guardian of the plaintiff, are not admissible as evidence for the defendants.

ID.—RES GESTÆ.—Self-serving declarations, made long subsequent to .the contract sought to be enforced, are not admissible as being part of the *res gestæ.* A declaration to be admissible as part of the *res gestæ,* must be an incident, or the natural and spontaneous out-

growth of the main occurrence in question, and must exclude the notion of deliberation; or calculation, or design to make evidence for future purposes.

ID.—PREJUDICIAL ERROR—ESTOPPEL.—The defendants having insisted upon the admission of improper evidence, over an objection to its admissibility, cannot defend their cause by contending that the error was harmless. Prejudice is presumed from such error; but where it appears that the improper evidence actually influenced the decision of the judge in favor of the defendants, prejudicial error is plainly apparent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Reinstein & Eisner, M. S. Eisner, Reddy, Campbell & Metson, and Campbell, Metson & Campbell, for Appellant.

The contract was established by competent evidence, and entitles the plaintiff to a specific performance against the defendants. (*Van Dyne* v. *Vreeland,* 12 N. J. Eq. 142, 145, 151; *Davidson* v. *Davidson,* 13 N. J. Eq. 246; *Pflugar* v. *Pultz,* 43 N. J. Eq. 440; *Vantine* v. *Vantine* (N. J.), 15 Atl. Rep. 249; *Rhodes* v. *Rhodes,* 3 Sand. Ch. 279; *Godine* v. *Kidd,* 19 N. Y. Supp. 335; 46 N. Y. St. Rep. 813; *Gates* v. *Gates,* 34 App. Div. 608; 54 N. Y. Supp. 455, 456; *Wright* v. *Wright,* 99 Mich. 170; *Sutton* v. *Hayden,* 62 Mo. 101; *Sharkey* v. *McDermot,* 91 Mo. 647;[1] *Healey* v. *Simpson,* 113 Mo. 340; *Quinn* v. *Quinn,* 5 S. Dak. 328;[2] *Brixton* v. *Van Cott,* 8 Utah, 480; *Burns* v. *Smith,* 21 Mont. 251;[3] *Kofka* v. *Rosicky,* 41 Neb. 328;[4] *Svanburg* v. *Fosseen,* 75 Minn. 359;[5] *Lynn* v. *Hockaday,* 162 Mo. 111;[6] *Townsend* v. *Vanderwerker,* 160 U. S. 184; *Whiston* v. *Whiston,* 76 Ill. App. 533; *Owens* v. *McNally,* 113 Cal. 444.) The court erred in admitting for the defendants declarations of Captain Hall, made outside of the hearing of the plaintiff, that he was guardian of the plaintiff. (*Rice* v. *Cunningham,* 29 Cal. 500, 501; *Poorman* v. *Miller,* 44 Cal. 275, 276; *Fischer* v. *Bergson,* 49 Cal. 297; *Stephenson*

[1] 60 Am. Rep. 270.
[2] 49 Am. St. Rep. 875.
[3] 69 Am. St. Rep. 653.
[4] 43 Am. St. Rep. 685.
[5] 74 Am. St. Rep. 490.
[6] 85 Am. St. Rep. 480.

v. *Hawkins,* 67 Cal. 106; Code Civ. Proc., sec. 1870, subds. 3, 4; *Wilson* v. *Wilson,* 6 Mich. 14; *Ward* v. *Ward,* 37 Mich. 256, 257; *Reese* v. *Marrian,* 5 Wash. 373; *Bristor* v. *Bristor,* 82 Ind. 277.) Such declarations were no part of the *res gestæ.* (Code Civ. Proc., sec. 1850; 21 Am. & Eng. Ency. of Law, pp. 99-101, 118, 119; *Clunie* v. *Sacramento Lumber Co.,* 67 Cal. 313; *Williams* v. *Southern Pacific Co.,* 133 Cal. 550; *Osborn* v. *Robbins,* 37 Barb. 482; *Murray* v. *Cone,* 26 Neb. 278, 279; *Carter* v. *Buchannon,* 3 Ga. 513; *Hubbard* v. *Barker,* 83 Mass. 100, 101.) A party cannot, after insisting upon the admission of improper evidence over an objection to its admissibility, defend his course by contending that the error was harmless. (*Lissak* v. *Crocker Estate Co.,* 119 Cal. 444; *Smith* v. *Westerfield,* 88 Cal. 383.) Prejudicial error is presumed in such case. (*Estate of James,* 124 Cal. 658.)

Chickering & Gregory, and Van Ness & Redman, for Respondents.

A decree for a specific performance may be granted or withheld, as equity and justice may demand in view of all the circumstances. (*McCabe* v. *Mathews,* 155 U. S. 550; *Wallace* v. *Rappleye,* 103 Ill. 229 (248); *Brown* v. *Covillaud,* 6 Cal. 566; *Bruck* v. *Tucker,* 42 Cal. 346; *Easton* v. *Millington,* 105 Cal. 49; *Owens* v. *McNally,* 113 Cal. 444.) Contracts of the character sued upon in this action are viewed by the courts with suspicion and distrust, and a complainant in such a case will not be given a decree unless the contract, as testified to, is in all respects fair and equitable and upon adequate consideration, and its terms are in themselves definite and certain, and proven by the strongest and clearest evidence. (22 Am. & Eng. Ency. of Law, pp. 1008, 1075-1077; *De Sollar* v. *Hanscom,* 158 U. S. 216; *Nickerson* v. *Nickerson,* 127 U. S. 668; *Hennessy* v. *Woolworth,* 128 U. S. 438; *Graham* v. *Graham's Exrs.,* 34 Pa. St. 475 (480); *Wallace* v. *Rappleye,* 103 Ill. 229; *Wood* v. *Evans,* 113 Ill. 186;[1] *Berry* v. *Hartzell,* 91 Mo. 132; *Gall* v. *Gall,* 19 N. Y. Supp. 332; 64 Hun, 601; *Wilson* v. *Heath,* 53 N. Y. Supp. 166; 23 Misc. Rep. 714; *Shakespeare* v. *Markham,* 72 N. Y. 400; *Johnson* v. *Hubbell,* 10 N. J. Eq. 332;[2] *Watson* v. *Richardson,*

---

[1] 55 Am. Rep. 409.          [2] 66 Am. Dec. 773, and note.

110 Iowa, 673; *Agard* v. *Valencia,* 39 Cal. 301; *Magee* v. *McManus,* 70 Cal. 553 (556); *Owens* v. *McNally,* 113 Cal. 444.) The proof must in every essential particular correspond with the contract stated in the bill. (22 Am. & Eng. Ency. of Law, p. 1075; *McFarland* v. *Reeve,* 5 Del. Ch. 118; *Magee* v. *McManus,* 70 Cal. 553 (556).) And in this class of cases the law should be rigidly applied. (*Gall* v. *Gall,* 19 N. Y. Supp. 332; 64 Hun, 601; *Wilson* v. *Heath,* 53 N. Y. Supp. 166; 23 Misc. Rep. 714; *Watson* v. *Richardson,* 110 Iowa, 673.) The contract merely to be a father to the plaintiff, and to provide for him, is too indefinite to be enforced. (*Wall's Appeal,* 111 Pa. St. 460;[1] *Shakespeare* v. *Markham,* 72 N. Y. 405.) And under such a contract the right of testamentary disposition remains. (*Wallace* v. *Rappleye,* 103 Ill. 229; *Wilson* v. *Heath,* 53 N. Y. S. 164; *Wood* v. *Evans,* 113 Ill. 186;[2] *Shearer* v. *Weaver,* 56 Iowa, 578.) The declarations objected to are part of the *res gestæ* and admissible as such. (21 Am. & Eng. Ency. of Law, 99-102, 113; *Burns* v. *Smith,* 21 Mont. 251;[3] *Brookfield* v. *Warren,* 16 Gray, 170.) As the contract was not legally enforceable, any error in the admission of evidence was harmless. (*Thorndike* v. *City of Boston,* 1 Met. 242, 247; *Smith* v. *Russ,* 22 Wis. 439; *Winkley* v. *Foye,* 33 N. H. 171;[4] *Dayton* v. *McAllister,* 129 Cal. 192; *Foster* v. *Bowles,* 138 Cal. 449; *Pacific Investment Co.* v. *Ross,* 131 Cal. 8.)

HENSHAW, J.—This is an action to compel specific performance of a contract which it is alleged was entered into during the month of March, 1871, by Winslow G. Hall, deceased, and Alfred C. Rulofson, plaintiff, and William H. Rulofson, father of the plaintiff, who also is dead. The contract the enforcement of which is prayed for was one whereby it is alleged plaintiff's father surrendered the plaintiff, then about seventeen years of age, to Hall, to adopt and keep as his own son, and waived and renounced in favor of Hall his claim and right to the affection, obedience, control, and services of the plaintiff. Hall, in turn, undertook to, and did, accept and adopt the plaintiff as his own son, agreed to love, cherish, protect, and maintain him as such,

---

[1] 56 Am. Rep. 288.     [3] 69 Am. St. Rep. 653.
[2] 55 Am. Rep. 409.     [4] 66 Am. Dec. 715.

to become responsible for his welfare and for his debts, and further agreed that upon his (Hall's) death, the plaintiff should have all the property of which he (Hall) might die seised. This agreement, it is further alleged, was made with the consent of the plaintiff, who released his father, William H. Rulofson, from all his paternal obligations, and promised to render to Hall, and did render to Hall, all the duties of a son to a father.

Upon the trial evidence was admitted upon behalf of the plaintiff proving certain declarations made by Hall, to the effect that plaintiff was his son, that he was plaintiff's father, and the like. The defense, over objection and exception of plaintiff, was permitted to prove other declarations of Hall to the effect that he (Hall) was only plaintiff's guardian. It is contended by appellant that the rulings so admitting evidence of these declarations were erroneous, and the contention must be sustained.

Section 1850 of the Code of Civil Procedure declares the nature of the evidence which may be given upon the trial of an issue of fact. Section 1853 of the same code specifically provides that "The declaration, act, or omission of a decedent, having sufficient knowledge of the subject, against his pecuniary interest, is also admissible as evidence to that extent against his successor in interest." In the case at bar the defendants asserted their right to the property left by Hall as legatees and devisees under his will. The plaintiff's claim of right had its origin in contract. Notwithstanding the multitude of authorities upon the question, respondents have produced but one tending to uphold the ruling contended for. They place reliance upon the language of the court in *Burns* v. *Smith,* 21 Mont. 251,[1] where, in a case similar to this, the supreme court of Montana used the following language: "Counsel for appellants contend that the evidence of the witnesses as to the acts and declarations of deceased with reference to the relation plaintiff sustained toward him while living in his family were inadmissible. We think the *res gestæ* extended over the entire time between July, 1885, when the contract was alleged to have been made, to the death of the deceased. The conduct of the parties towards each other

[1] 69 Am. St. Rep. 653.

during that entire time is part of the transaction, and whatever either party did or said during that time which sheds light upon the matter and aids in disclosing the relations the parties sustained, and understood that they sustained, towards each other, must be construed as part of each other.'' But the language there employed was in reference to the ruling of the trial court in admitting upon behalf of the plaintiff declarations favorable to his contention, and the objection to their admissibility was made by the defendants. The language, therefore, must be viewed in the light of the facts. The further declaration of the court, that the *res gestæ* extended over all the time between the date when the contract was entered into and the death of the deceased, does not command our assent, and is at absolute variance with the decisions of this court upon the question.

Aside from this case, however, the rules of evidence, and the decisions upon them, absolutely prohibiting such self-serving declarations, are overwhelmingly established. But as to the *res gestæ*: The admitted declarations were made from time to time after the execution of the alleged contract. This court, in *Heckle* v. *Southern Pacific Co.,* 123 Cal. 442, has enunciated the principles governing the admission of declarations claimed to be part of the *res gestæ* in the following explicit language: ''There is no great difficulty in stating the general principles which prevail in determining whether in a given case certain declarations or acts are parts of the *res gestæ.* A declaration, to be admissible on that ground, must be an undesigned part, or incident, of the occurrence in question. It must be, in a general sense, contemporaneous with the main occurrence, although in case of a sudden accident or attack, the declaration would not be admissible merely because the blow or collision immediately preceded it; it must be the natural and spontaneous outgrowth of the main occurrence, and must exclude the notion of deliberation or calculation, or the design to manufacture evidence for future purposes; and if it be a mere narrative of past events, it then is clearly within the category of inadmissible hearsay, and must beyond doubt be excluded.'' To the same effect is *Williams* v. *Southern Pacific Co.,* 133 Cal. 550. (See, also, *Clunie* v. *Sacramento Lumber Co.,* 67 Cal. 313; 21 Am. & Eng. Ency. of Law, pp. 99, 101; *Carter* v. *Buchannon,* 3 Ga. 513;

*Osborn* v. *Robbins,* 37 Barb. 482; *Murray* v. *Cone,* 26 Neb. 278; *Hubbard* v. *Barker,* 83 Mass. 101; *Smith* v. *Webb,* 1 Barb. 230.) The declaration of a deceased person against his pecuniary interest is made admissible against his successor in interest by the express declaration of the code. The rule is based upon the presumption that a declaration so made is truthful. But the declarations of a deceased person not against his interest, and made outside the presence of the party sought to be bound by them, are not admissible. (*Rice* v. *Cunningham,* 29 Cal. 500; *Poorman* v. *Miller,* 44 Cal. 275; *Fischer* v. *Bergson,* 49 Cal. 297; *Stephenson* v. *Hawkins,* 67 Cal. 106.) The rule is universal, as the decisions from sister states abundantly show; thus:—

"In looking into the testimony to ascertain what the original bargain was, we are compelled to disregard almost entirely the depositions on behalf of the defendant. They are mainly declarations of Henry Wilson; and while the complainants are entitled to prove his admissions, the rule will not allow his declarations to be introduced on behalf of his representatives, any more than of himself if he were living." (*Wilson* v. *Wilson,* 6 Mich. 14.)

"On the other hand, the depositions offered by defendants cannot be received, so far as they consist of declarations made by the decedents in their own favor, or in support of the position now taken by their representatives, when not made in the presence of the complainants, nor accompanying any act which properly belongs to the transactions between the parties." (*Scribner* v. *Adams,* 73 Me. 546.)

"But the declarations of the deceased were not admissible in favor of his estate, to show that he was not indebted to plaintiff. The declarations of a party against his interest are admissible upon the presumption that he would not speak to his own injury unless it were true. But he cannot make evidence by declarations in his own interest. The defendants represent the deceased, and they can prove no declaration of his which he could not." (*Weller* v. *Weller,* 4 Hun, 197.)

"His declarations were proved. It was not competent for those claiming under him to prove other declarations of a contract more favorable to himself." (*Miller's Appeal,* 100 Pa. St. 573.[1])

---

[1] 45 Am. Rep. 394.

. "For the purpose of rebutting this evidence, the defend-ants—the children aforesaid acting as defendants—were per-mitted to testify and to introduce the testimony of other witnesses concerning conversations had with the deceased and concerning his declarations made in the absence of the plain-tiff. This testimony was clearly incompetent. The declara-tions of the deceased were no more admissible than they would have been if the suit had been instituted against him personally while in life. A party's declarations are compe-tent evidence against him or his representatives, but cannot be adduced by or in favor of either." (*Bristor* v. *Bristor*, 82 Ind. 277.)

Reference may further be made to *Reese* v. *Murnan*, 5 Wash. 373; *Wilson* v. *Patrick*, 34 Iowa, 371; *Royston* v. *Royston*, 29 Ga. 101; *Gibson* v. *Gibson*, 15 Ill. App. 329. The admitted declarations were therefore no part of the *res gestæ*. They were made without the presence of the plain-tiff, and they were unquestionably declarations self-serving and in the interest of the deceased, since the effect of them, if accredited, was to change entirely the nature of the con-tract which it was alleged he had entered into, and to prove that the contract had terminated when the plaintiff attained his majority.

No more were they admissible as tending to prove rela-tionship, and this for the very obvious reason that they were not offered to prove relationship, but to disprove that fact, and the relationship must be shown before declarations touch-ing pedigree can be introduced in evidence, since their ad-missibility is based upon the very fact of relationship. Thus, in *Estate of James*, 124 Cal. 655, this court, after quoting section 1852 of the Code of Civil Procedure to the effect that the declaration, act, or omission of a member of a family who is a decedent, or out of the jurisdiction, is also admis-sible as evidence of common reputation in cases where, on questions of pedigree, such reputation is admissible, proceeds: "It is now contended that the declarations of Dr. James that he was not married are admissible under the provisions of the foregoing section. But this cannot be so, for the reason that such declarations must come from a member of a family; and the whole case of respondents rests upon the claim that

James was not a member of the Milen family.  He was not a
member of Laura Milen's family unless he was her husband,
and that is the sole point involved in this litigation.''

As little force is there in respondents' assertion that none
of the declarations admitted was made against decedent's
pecuniary interest.  It was of the very essence of the con-
tract which plaintiff pleaded that Hall had agreed upon his
death to leave him all of his property.  Declarations show-
ing, or tending to show, that neither he nor his property was
bound by any such contract are clearly self-seeking and made
in his own pecuniary favor.

It is finally urged by respondents that even if the rulings
of the court admitting these declarations were erroneous they
were still harmless.  But to this the first answer is made by
our own decisions.  ''A party cannot, after insisting upon
the admission of improper evidence over an objection to its
admissibility, defend his course by contending that the error
was harmless.''  (*Lissak* v. *Crocker Estate,* 119 Cal. 444;
*Smith* v. *Westerfeld,* 88 Cal. 383.)  In the *Estate of James,*
124 Cal. 655, a reversal was directed solely upon the ground
of error in the admission of declarations such as these, and
to the same argument advanced by respondent the court re-
plied: ''This position cannot be sustained.  If improper evi-
dence under objection has been admitted, it is impossible for
this court to say how much weight and influence it had in
the mind of the trial court in framing its findings of fact.
The improperly admitted evidence may have been all-power-
ful to that effect.  As far as this court knows, it may have
been that particular evidence which turned the scale and lost
the case to the appellants.  This must of necessity be the
rule wherever improper evidence has been admitted which
upon its face tends in any degree to affect the final conclu-
sion of the court.''

In the case at bar we are not left in any doubt as to the
effect which this evidence had upon the mind of the trial
court.  The judge himself declares it in the opinion which
he handed down, in the following language: ''As against
the testimony of plaintiff's witnesses making for plaintiff's
adoption, as alleged, is the testimony of witnesses for defend-
ants, equally credible, that Captain Hall had declared to them

that he was the plaintiff's guardian.'' And if the injury to appellant be not thus made sufficiently apparent, it should be added that, as matter of strict right, either party litigant has the right to the unbiased opinion of his trial judge, based upon legal evidence. This court in such cases sits only as a court for the correction of error. The judgment upon the facts, to which every litigant is entitled as of right absolute, is the judgment of the trial court. In this class of cases, as well as in all others, the findings of fact are made by the trial court, and if there be substantial evidence to support them they cannot here be disturbed. But those findings must themselves be based upon legal and admissible evidence. As is said in *Winne* v. *Winne,* 166 N. Y. 263:[1] ''While it is one of the prerequisites to the specific performance of an agreement that it shall be clearly proved and certain as to its terms, this rule is to be observed and enforced in the courts below, which deal with the facts; and when such an agreement has been found and is certain in its terms as found, it must be taken as clearly established within the rule, and the findings are conclusive upon this court.''

It follows therefore that the judgment and order appealed from must be reversed and the cause remanded, and it is so ordered.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.