## Theodore J. Campau v. William G. Moran.

*Contracts: Declaration : Contract price : Evidence : Value.* Under a count upon a special contract as performed, which seeks to recover the contract price, evidence of the cost or value of the work contracted to be performed, is inadmissible ; and evidence that the cost exceeded the contract price is not pertinent to corroborate the claim of the plaintiff, that by the contract he was himself to be the judge of the sufficiency of the work, as against an anticipated defense that the work was not done according to contract.

*Errors that do not prejudice: Record: Evidence.* And with a record which discloses that under such pleadings and upon such proofs a verdict has been rendered for the plaintiff for the full contract price for work which it was shown proved substantially worthless, there is no room for saying that the jury could not have been misled, and that the error was therefore without injury.

*Contracts: Terms: Evidence.* In an action upon an oral contract, where the parties differ as to the kind of a structure the contract called for, evidence that it would be impossible to build a more substantial structure at the place where this was built, for the contract price agreed upon, has no legitimate bearing upon the issue.

*Evidence: Contracts.* Where, however, in such an action the parties are thus distinctly at issue upon the terms of the contract, evidence that the cost of performance of such a contract as the defendant set up would be greatly in excess of the contract price, would, it seems, have some bearing upon the probability of his being in error upon the facts; cases may be conceived in which such evidence might be very forcible,—much more so than it possibly could be in this case.

*Submitted on briefs January 27. Decided January 29.*

Error to Superior Court of Detroit.

*C. I. Walker,* for plaintiff in error.

*George H. Lothrop,* for defendant in error.

COOLEY, J.

Moran sued Campau to recover the price of certain piling which he testified was done by him under a special verbal contract for the price of two hundred dollars, he himself to be the judge of its sufficiency. Having given evidence of the contract and of its performance on his part, he was then asked by his counsel what was the value of the timber used. This being objected to, counsel stated he understood the defense to be that the work was not done according to contract, and he proposed to show that the contract price was two hundred dollars, and that more than two hundred dollars worth of work was done, to strengthen plaintiff's assertion that the kind of work was left to him, and that the work he performed came up to the contract and fulfilled the contract by being more in value than the price agreed upon. On this explanation the evidence was received.

We think the court erred. Had the plaintiff sought to recover on a *quantum meruit* after failing to fulfill the contract according to its terms, evidence of the value of his work would have been pertinent; but this was not the theory of his case. He claimed under a special contract performed on his part, and evidence of the cost or value of the work was unimportant, and tended to withdraw the attention of the jury from the real issue. . Evidence that the cost exceeded the contract price, might or might not have a tendency to convince the jury that he had expended so much upon the work to satisfy himself of its sufficiency, and thus support his assertion that by the contract he was to be judge of the work. It certainly could have no greater tendency to prove that, than it could to prove a *bona fide* attempt to complete the work in a workmanlike manner, had that been the requirement of the contract. In other words, the peculiarity of the contract, as sworn to by him, did not at all make this an exceptional case, and justify this evidence, which clearly would have been inadmissible under an ordinary contract for substantial work. And the verdict for the plaintiff for the full contract price for work which proved substantially worthless, furnishes a strong inference that the jury were either misled by the evidence or misapprehended the real issue. There is no room for · saying that the error was without injury.

A similar error was committed in afterwards ruling that plaintiff might give evidence in reply to defendant's case setting up a different contract, that it would be impossible to build a more substantial structure at the place where this was built, for the contract price agreed upon. Such evidence had nothing to do with the case, and could have no legitimate bearing on the issue. It is not so clear, however, that the evidence actually given by the witness under the ruling, was objectionable. Campau testified that he made a very different contract with plaintiff, calling for a much more substantial structure. When the parties were thus distinctly at issue upon the terms of the contract,

evidence that the cost of performance of such a contract as the defendant set up would be greatly in excess of the contract price, would certainly afford some reasonable ground for believing that defendant is in error on the facts. We can very well conceive of cases in which such evidence might be very forcible,—much more so than it could possibly be in this case.

The judgment must be reversed, with costs, and a new trial ordered.

GRAVES, CH. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.