JOHN P. ROLES *vs.* WILLIAM L. MINTZER.

July 22, 1880.

**Evidence—Agreed Price in Oral Contract of Hiring.**—Where the issue is as to the price agreed on, in an oral contract of hiring, it is immaterial that about the time of the hiring the plaintiff offered to work for some other person at the same price that defendant contends was agreed on between him and plaintiff.

Evidence *held* sufficient to sustain the verdict.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial.

*Chas. N. Bell*, for appellant.

*Edwin Gribble*, for respondent.

GILFILLAN, C. J. The evidence was sufficient to sustain the verdict. The action being on an alleged oral contract of hiring, in which, as plaintiff testified, defendant agreed to pay him $20 per month and his board and washing, while defendant denied this, and testified he was to work for his board, defendant, on the cross-examination of plaintiff, asked him if, about the time he went to work for defendant, he tried to engage for work for one Whitcher for his board, to which plaintiff answered he did not. On his defence, defendant offered to show by Whitcher that about that time plaintiff came to him, and offered to work for him for his board. This was offered for the purpose of contradicting plaintiff's answer on cross-examination, and also to show he was inclined to make an agreement of that kind at that time. The matter was immaterial. It would not tend to show that the testimony of defendant was more reasonable than that of plaintiff as to the terms of the contract between them. It is to be presumed that, ordinarily, in men's contracts, the price upon hiring or sale is agreed on with reference to the value of the thing hired or sold. So, where there is a dispute as to price agreed on, the value may be of some weight in determining which of the prices testified to is most probably the

one actually agreed on. *Kumler* v. *Ferguson*, 7 Minn. 351 (442;) *Schwerin* v. *De Graff*, 21 Minn. 354; *Miller* v. *Lamb*, 22 Minn. 43. But there is no presumption that a person will work for one man on certain terms, from the fact that he is willing to work for some other man on those terms.

Order affirmed.