Kvammen vs. The Meridean Mill Co.

KVAMMEN vs. THE MERIDEAN MILL COMPANY.

*October 4 — October 23, 1883.*

*Contracts — Evidence.*

[1. Whether, in general, where there is a great discrepancy in the allegations of the parties as to the agreed price for work done under a special contract, and the evidence is evenly balanced, evidence as to the cost of performance is admissible as affording a reasonable ground for believing that the contract was for the price nearest the cost, is not determined.]

2. In an action for the balance due on a parol contract for manufacturing laths, the complaint alleged that the agreed price was forty-five cents, and the answer that it was twenty-six cents, per thousand. It appeared that, in pursuance of the contract, the work had been *done in the defendant's mill* and it had *furnished the power*, oils, files, and twine, and had done the filing and millwright work. *Held*, that evidence on the part of the plaintiff as to the *usual price* for sawing laths *in mills generally*, was inadmissible.

APPEAL from the Circuit Court for *Dunn* County.

Action to recover a balance of $1,410.52 alleged to be due upon an oral contract for the manufacture of laths and pickets. The complaint states that the plaintiff agreed to run a portion of the defendant's saw-mill during the season of 1881, and the defendant agreed to pay him for such service, forty-five cents per thousand for the laths and pickets so manufactured by him. The answer alleges that the contract was that the plaintiff should run the lath-mill in the defendant's saw-mill, and manufacture and tie up the laths which could be made from the slabs produced by said saw-mill during the season, and that the plaintiff should receive twenty-six cents per thousand in full payment for such service; that the defendant was to deliver the slabs to him, of proper length, at the bolter, was to remove the waste, to furnish the power to operate the lath-mill and the oil to keep it in order, to keep the mill in repair including the filing of the

saws, mending the belts and furnishing the necessary articles for such purposes and the twine to tie up the laths; that part of said slabs were to be made into pickets and shingle-bands, and that each picket should count as three laths and each shingle-band as two laths. The answer further alleges certain payments and that the balance due is but $79.60, which the defendant is willing and offers to pay.

There was no dispute as to the number of laths and pickets manufactured nor as to the amount of the payments made. The plaintiff admitted that the defendant had furnished the power to operate the machinery and mill, had furnished the oil, the files, and the twine to tie up the laths, and had done the mill-wright work and removed the waste. Other facts are stated in the opinion.

There was a verdict for the plaintiff for the sum of $1,480.71, and from the judgment thereon the defendant appealed.

For the appellant there was a brief by *H. H. Hayden* and *W. P. Bartlett,* and oral argument by *Mr. Hayden.*

For the respondent there was a brief by *F. J. & W. C. McLean,* and oral argument by *Mr. F. J. McLean.*

CASSODAY, J. The real question in controversy was whether, by the agreement, the plaintiff was to receive, for manufacturing the laths, forty-five or twenty-six cents per thousand. The plaintiff was the first witness, and after being examined and cross-examined, was asked by his counsel on his redirect examination this question: " Do you know what the usual price was last season for sawing laths?" This question he was allowed to answer, against objection, and stated that it was " forty-five cents a thousand." It is sought to justify this ruling on the ground that the evidence tended to corroborate the plaintiff as to the amount which the defendant agreed to pay. In support of this contention counsel cite *Johnson v. Harder,* 45 Iowa, 677. It is there

stated, in the opinion of the court, "that there was a great discrepancy in the terms of the trade as alleged by the respective parties, and strong evidence was introduced by each party in proof of their respective allegations. The question then is," said the court, "as to whether, under such circumstances, it is allowable for either party to show the value of the property as a corroborative circumstance." The court held that under the circumstances of that particular case the evidence was admissible, but in doing so said that "evidence of the kind in question should be admitted with great caution, and limited to its strictly legitimate province." That case was clearly distinguishable from the one before us. This is more like the case of *Campau v. Moran*, 31 Mich., 280, cited by defendant's counsel, where it was held that "under a count upon a special contract as performed, which seeks to recover the contract price, evidence of the cost or value of the work contracted to be performed is inadmissible."

In the late case of *Hackley v. Headley*, 50 Mich., 43, it was held by the same court, that "evidence of a custom is inadmissible where that to which the custom relates has been expressly provided for in the contract in terms different from the custom." See, also, *Lombardo v. Case*, 45 Barb., 95; *White v. Lueps*, 55 Wis., 222; 1 Phillips on Ev., 748; 1 Greenl. on Ev., § 52.

Undoubtedly the evidence must conform to the allegations, and must be the best of which the case is susceptible. It may be, as intimated by Mr. Justice COOLEY in *Campau v. Moran, supra*, that where the evidence adduced upon both sides is in direct conflict and pretty evenly balanced, as to the contract price, evidence that the cost of performance was greatly in excess of or greatly below such price might afford some reasonable ground for believing that the contract was for the price nearest the cost. But it is unnecessary to determine the question here, for the evidence sought

by the question, and obtained by the answer, did not relate to the cost of manufacturing laths in this mill, where the party was furnished with the mill, and power to operate the machinery, the oils, the files, and the twine to tie up the laths, and where the defendant also did the filing and the mill-wright work. Besides, the contract was made with direct reference to manufacturing the laths in the defendant's mill, and not in some other mill, or in mills generally. If the circumstances of the case had authorized the admission of evidence of the character indicated, then it should have been confined to the doing of the same work which the plaintiff did in manufacturing the laths in question. We are clearly of the opinion that the question referred to, as well as several others in the record of like character, was irrelevant, and should have been excluded.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.