BELL, Respondent, vs. RADFORD, Appellant.

*September 24 — October 9, 1888.*

*Sale of chattels: Evidence of purchase price: Value.*

Where there is a direct conflict of testimony as to the price orally agreed to be paid for property, as to the time of the sale, and as to where the property was when sold, evidence of its real value at the time and place the vendor claims to have sold it, and at the time and place the vendee claims to have bought it, is admissible. *Valley Lumber Co. v. Smith,* 71 Wis. 304, followed.

APPEAL from the Circuit Court for *Fond du Lac* County.

The facts are sufficiently stated in the opinion. The plaintiff had a verdict for $130.50; a motion for a new trial was denied; and defendant appealed from the judgment on the verdict.

For the appellant the cause was submitted on the brief of *Knowles & Phelps.*

*De W. C. Priest,* for the respondent.

COLE, C. J. The plaintiff brought this action to recover an unpaid balance of $100, which he claims is due on a sale of a span of horses to the defendant. The plaintiff's contention is that he sold the horses to the defendant for $300; that in addition it was understood that the defendant was to take them to Dakota and sell them for the best price he could obtain, and pay over one half of what the horses should sell for above the contract price. This is the plaintiff's version of the contract. The defendant's version is that in March, 1882, he, then being a resident of Dakota, was at Fond du Lac, and purchased a span of horses for use on his farm of another party, for which he gave $312.50. That he engaged a car to transport such horses to his residence in Dakota. That at plaintiff's request he made this arrangement with him, to take the horses in

question to Dakota and sell them. He was to have one half of what he sold them for above $200, to pay him for his trouble and the expense of transportation, but that he made no absolute purchase of the horses. That he took the horses to his place of residence in Dakota, and tried to sell them, but could get no offer for them. That finally he notified the plaintiff he was unable to sell the horses, and would deliver them to any one the plaintiff would mention, or would return them, or would give him $200 for the horses. That the plaintiff accepted the offer, and sold them to him for that sum, which was paid in full.

It appeared from the plaintiff's own testimony that the horses were not sound, nor a well-matched team; that one was nearly blind, and the other was a four-year colt. It appeared that the team which the defendant first purchased was sound, well-matched, and heavy draft horses. There was a clear and direct conflict in the testimony adduced on the trial as to the sale of the horses, and as to what was agreed to be paid and received for them. The evidence, besides, on these material points was quite evenly balanced, leaving the question in great doubt as to what the real contract price was. Both parties agreed that a sale was made, but they differed *in toto* as to its terms, whether the contract price was $200 or $300. In this state of the proof the defendant made several offers to prove the value of the horses at the time they were delivered to him; also their value in Dakota when he said he purchased them. This evidence was objected to and excluded by the court. The evidence was admissible under the decision in *Valley Lumber Co. v. Smith*, 71 Wis. 304, where this point is expressly ruled. In that case there was a direct conflict of testimony as to the price orally agreed to be paid for certain property, and evidence of its real value at the time of the contract was held to be admissible. The reason of the rule and the authorities which support it are stated by Mr. Justice ORTON

in the opinion in that case, and it is unnecessary to discuss the question here. It is evident that the reason of the rule applies with much force to the case before us. For if it could be proven to the satisfaction of the jury that the horses, when the plaintiff says he sold them, were worth much less than $300, it would surely afford a reasonable ground for the conclusion that his version of the contract was not correct. Or, if the testimony showed that the horses were not worth more than $200 in Dakota, at the time the defendant said he purchased them, this would corroborate his evidence as to the contract price. So excluding the evidence offered was error, and must work a reversal of the judgment. Without considering the other points argued on the briefs of counsel, we reverse the judgment and remand the cause for a new trial.

*By the Court.*— Ordered accordingly.