J. C. Rollins *vs.* N. K. Wibye.

January 31, 1889.

**Issue as to Terms of Oral Contract— Evidence of Fraud Inadmissible.**
Upon the trial of a cause not involving the element of fraud, the issue being whether an oral contract for an exchange of horses was absolute or upon the express condition that the horse in question was sound and healthy, the answer admitting the allegation of the complaint that the horse was sick, *held* error to receive evidence on the part of the plaintiff showing that the defendant *knew* that fact; such evidence being unnecessary for any other purpose.

**Same.**—The fact that the horse was diseased, unless known to both parties, could not affect the determination of the issue as to whether the agreement of exchange was absolute or conditional.

Appeal by defendant from an order of the district court for Winona county, *Start, J.*, presiding, refusing a new trial.

*Wilson & Bowers,* for appellant.

*Gray & Thompson* and *M. B. Webber,* for respondent.

Dickinson, J. The plaintiff resides in the state of Iowa; the defendant, in this state. The former owned a stallion called "Montana;" the latter owned one called "Solide." At the plaintiff's place of residence in Iowa,—the defendant's horse not being there,—the parties entered into an agreement concerning an exchange of the animals. The precise nature of this agreement is a subject of controversy in this action. In the complaint it is alleged that the defendant, among other things, represented his stallion as being sound and healthy; that, relying upon such representations, the plaintiff entered into a contract of exchange, whereby defendant was to take the plaintiff's horse—Montana—with him to Minnesota, and return to the plaintiff's residence in Iowa with his (defendant's) horse,—Solide, —and deliver him to the plaintiff there, and if, upon such delivery, the defendant's representations should be found true, then the trade was to be complete, and until then the title should not pass. The falsity of these representations is alleged; it being averred that the defendant's horse was sick, having a contagious disease, of which he died while being transported to Iowa. The defendant, in his answer,

denies that he made any representations whatever; denies that any representations made by him were false, that he agreed to deliver his horse in Iowa, and that it was agreed that title should not pass until such delivery, or until any representation should be found true; and avers that the exchange was immediate and complete. It is admitted in the answer that the horse was sick at the time the contract was made, and that he died while on the way to the plaintiff's residence in Iowa. This action is for the recovery of the stallion Montana, which the plaintiff claims as being still his property. It appears from a bill of exceptions that both parties introduced evidence tending to sustain the allegations of their respective pleadings. The court refused to instruct the jury, as requested by the defendant, that the *only* question in the case was whether the agreement was that the defendant's horse was to be delivered to the plaintiff in Iowa, and that, if such was not the fact, the verdict must be for the defendant. The court construed the complaint as alleging this further condition to the exchange becoming absolute, viz.: That the horse was at the time of the making of the agreement sound and healthy, as represented; and that this representation should be found to be true when the horse should be delivered. We are of the opinion that the court was justified in thus construing the complaint, in view, not only of its allegations, but of the fact that the defendant so treats it in his answer. Therefore the refusal to charge as requested was not error. Upon this construction of the complaint, the condition of the horse as to health at the time of the agreement was of course material; but, inasmuch as the answer admits that the horse was sick at the time of the agreement, and that he died before reaching the plaintiff's residence, it does not seem to us to have been necessary for the plaintiff to offer evidence to show the particular nature of the disease, and that it was contagious. However, the appellant's argument upon this point is not based upon the ground that the sickness of the horse was admitted. For no other reason was that evidence objectionable. It was not prejudicial error to receive such proof, although it was unnecessary.

In this connection, however, immaterial evidence was received, which we are not prepared to say was not prejudicial to the defend-

ant. This evidence was that several persons, whose mares had, as the evidence tended to show, contracted disease from the horse, had complained to the defendant of. this prior to the time of the making of the contract in question. The purpose of the court, as we understand, was to limit the proof of such disease having been contracted by the mares to cases in which the defendant had been notified of such facts, so that he might not be surprised. If it was proper to receive proof that the horse was so affected, the manner in which the proof was made was competent, (Steph. Dig. Ev. *c.* 2, art. 9,) and it was not necessary to limit the proof of facts going to establish the existence of disease to cases which had been previously brought to the attention of the defendant, and so it was immaterial whether such complaints had been made or not. The possible prejudice lies in the tendency of such evidence to show fraud on the part of the defendant at the time of making the contract, although, as the court properly ruled, the question of fraud was not involved in the case. The court instructed the jury as follows: "Now, in case you find this trade was an absolute one,—that there were no conditions whatever,—then you may leave this testimony in regard to this contagious disease out of the case; but it is proper for you to consider upon this question whether or not it was an absolute or conditional trade; and it is important for you to inquire whether this horse did have this contagious disease or not, and whether Mr. Wibye knew it. If he did, and Mr. Wibye knew it, what bearing has it upon the main question in the case? The force and effect of the testimony is entirely with you, and not with the court." A proper exception having been taken, error is assigned in respect to that part of this instruction to the effect that it was proper for the jury to consider the evidence of the horse having a contagious disease, as affecting the question as to whether the agreement for an exchange was absolute or conditional. This instruction was, as we consider, error. This evidence would not have been admissible for the purpose of enabling the jury to determine whether the agreement of the parties to exchange horses was absolute or conditional. The condition of the horse at the time of the agreement would be a matter collateral to that particular issue, and, unless known to both of the contracting parties, would be irrelevant.

It would afford no proper ground for an inference, one way or the other, as to whether the contracting parties had agreed upon an absolute or only a conditional exchange. See *Roles* v. *Mintzer*, 27 Minn. 31, (6 N. W. Rep. 378.) It may be that if the defendant knew that the horse was diseased, that would be an inducement to him to dispose of him upon the best terms possible; but he could not alone determine the conditions or terms of a contract of sale or exchange, and the fact in question could add nothing to the probable truthfulness of the testimony of witnesses as to what terms were actually agreed upon. The case is not within the rule stated in *Kumler* v. *Ferguson*, 7 Minn. 351, (442,) and *Schwerin* v. *De Graff*, 21 Minn. 354. It is not apparent that the error was harmless, and a new trial must be awarded.

From language appearing in the charge of the court it may be suspected that the nature of the arguments of counsel to the jury had been such as might have precluded the defendant from now claiming this instruction to have been erroneous; but, if such was the fact, it is not shown by the settled bill of exceptions, and we cannot assume that such was the case.

We discover no other error in the case.

Order reversed.