| 86 | 587 |
|----|-----|
| 95 | 3   |

BRUNNELL, Respondent, vs. THE HUDSON SAW MILL COM-
PANY, Appellant.

*November 30 — December 29, 1893.*

*Master and servant: Forfeiture of wages: Evidence: Knowlege of custom.*

In an action for a balance due for work as a trimmer in defendant's
saw mill, evidence of the terms of defendant's contracts with the
other trimmers and of its custom to retain a part of the wages of
its employees, to be forfeited by them if they should leave before
the end of the sawing season, was not admissible in the absence of
evidence that plaintiff had knowledge of the terms of such con-
tracts or the existence of such custom.

APPEAL from the Circuit Court for *St. Croix* County.

The action was commenced before a justice of the peace
to recover a balance of $14.85, alleged to be due plaintiff
for work as a trimmer in the saw mill of defendant com-
pany, performed in 1892. The complaint alleges a contract
by the company to pay plaintiff $1.65 per day for his work;
that he worked under such contract 98¾ days, thus earning
$162.93; and that he has received only $148.08 on account
thereof.

The company in its answer admits the above allegations
of the complaint, but avers that the contract of hiring con-
tained the further condition that fifteen cents per day of
plaintiff's wages should be retained by it until the close of
the sawing season of 1892 (the balance of $1.50 per day
being payable and having been paid monthly), and that if
plaintiff left the service of the company before that time
he should forfeit the fifteen cents per day. It is also
alleged and admitted that plaintiff left the service of the
company, without its fault, before the close of the sawing
season.

On the trial before the justice, the foreman or manager
of the company testified, in effect, that the contract of hir-

Brunnell vs. The Hudson Saw Mill Co.

ing was as stated in the answer.  The plaintiff testified that the contract contained no such condition, but that, although the company kept back fifteen cents per day of his wages, he was entitled to be paid the same when he left its service, without regard to the time he might leave.  The company offered testimony to show that the other trimmers who worked with plaintiff in the same mill worked under contracts like the contract alleged in the answer to have been made with plaintiff.  Also that it was the custom of the company to keep back part of the wages of its men working in its mill, on like conditions.  The justice rejected the testimony, and gave judgment for plaintiff for the amount of his claim.

The company appealed to the circuit court from the judgment of the justice.  The case was tried in that court on the return of the justice, which included the above testimony, offers of testimony, and rulings.  The circuit court affirmed the judgment of the justice, and from the judgment of affirmance the defendant company appeals to this court.

For the appell. n; there was a brief by *Bashford & Disney*, and oral argument by *J. W. Bashford*.

*A. J. Kinney*, for the respondent.

LYON, C. J.   Undoubtedly the testimony introduced on the trial, although in direct conflict on the material question in the case, to wit, the terms of the contract of hiring, is sufficient to support the judgment of the justice, and consequently the judgment of the circuit court affirming the same, so far as such affirmance rests on the facts developed by the testimony.  The only question of law presented by this appeal is, Did the justice err in rejecting the offered testimony to prove the terms of contracts made by defendant company with other trimmers, and its custom to keep back part of the wages of its men working in the mills?

No testimony was given or offered tending to show that plaintiff had any knowledge of the terms of such contracts with other trimmers or the existence of such custom. It requires no argument or citation of authorities to prove that in the absence of testimony of such knowledge the rejected testimony was inadmissible. It is very doubtful whether testimony of the terms of the contracts with the other trimmers would have been admissible, even though the plaintiff had knowledge thereof. *Kelley v. Schupp,* 60 Wis. 76, and cases cited in the opinion.

*By the Court.*— The judgment of the circuit court affirming the judgment of the justice is affirmed.