.WILLIAM SPURCK V. CLARA DEAN.

FILED SEPTEMBER 16, 1896.   No. 6827.

1. Bill of Exceptions: AUTHENTICATION.  A bill of exceptions should
   be authenticated by the certificate of the clerk of the trial court
   to entitle it to examination and consideration in the supreme
   court.

2. Conflicting Evidence: REVIEW.  Questions of fact, and upon con-
   flicting testimony, are to be decided by the trial jury, and a ver-
   dict will not be set aside on the ground of the want of sufficient
   evidence to support it, unless the want is so great as to show that
   the verdict is manifestly wrong. (*Sycamore Co. v. Grundrad*, 16
   Neb., 529.)

3. Evidence: ACTION FOR WAGES.  Where, in an action to recover an
   amount alleged to be due the plaintiff as wages for work and
   labor performed at an agreed price, there is a conflict in respect
   to the amount agreed upon, evidence of the value, at the time of
   the contract, of the work performed is competent and admissible.

ERROR from the district court of Nuckolls county.
Tried below before HASTINGS, J.

*R. D. Sutherland,* for plaintiff in error.

*Searle & Coleman, contra.*

HARRISON, J.

The plaintiff instituted this action to recover of de-
fendant an amount alleged to be due as compensation
for work and labor performed by plaintiff for defendant
during the times stated in the petition filed, wherein
there also appeared an allegation that the work was
done at a stipulated or agreed price per week.  Issues
were joined and tried and the result was a judgment for
plaintiff, seeking a reversal of which defendant has prose-
cuted error proceedings to this court.

Of the alleged errors the one mainly urged and relied
upon in the argument as being fatal to the judgment
rendered is that the verdict was not sustained by suffi-

cient evidence.   A determination of this question in this, as in any other case, necessitates an examination of the evidence as preserved and presented in a bill of exceptions.   What purports to be such bill in the present case is attached to the record, but is not authenticated by the certificate of the clerk of the district court in which the cause was tried; hence it is not properly before us for examination and is not entitled to be considered.   (*Romberg v. Fokken*, 47 Neb., 198; *Childerson v. Childerson*, 47 Neb., 162; *Romberg v. Hediger*, 47 Neb., 201.)   We have, however, searched through it, and discover a conflict in the evidence in respect to the fact as to which it was contended it was unsatisfactory, but also conclude that there was sufficient to support the verdict returned by the jury, from which it follows that the verdict will not be disturbed.   (*Sycamore Co. v. Grundrad*, 16 Neb., 529.)

During the progress of the trial of the cause evidence was admitted of what was the value of the services performed by the plaintiff at the time when the contract was made and during its performance.   It is urged that inasmuch as the plaintiff claimed that the consideration to be paid for the labor had been agreed upon was a fixed sum, any evidence of its worth was incompetent and irrelevant and should not have been allowed.   No objections were interposed during the trial to any of this evidence which it is claimed should not have been admitted, but whatever the condition of the record in this respect, there was a conflict in the evidence in relation to the amount of the price agreed upon to be paid and received for the labor, and it was competent to show what the work was worth when the contract was made, and such evidence as was admitted was not erroneous.   (*Allison v. Horning*, 22 O. St., 138; *Swain v. Cheney*, 41 N. H., 232; *Fry v. Tilton*, 11 Neb., 456.)   The judgment of the district court is

AFFIRMED.