# CASES DETERMINED

## January Term, 1897.

'OLIVER, Respondent, vs. MORAWETZ, Appellant.

*December 15, 1896 — January 12, 1897.*

*Real-estate brokers: Commissions: Evidence: Collateral fact.*

In an action to recover a broker's commission on the sale of real estate, evidence by another broker as to the terms upon which the defendant had told him he might sell the property was inadmissible.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Timlin & Glicksman,* and oral argument by *W. H. Timlin.*

For the respondent there was a brief by *Smith, Weller & Goff,* and oral argument by *G. D. Goff.* They cited *Platner v. Platner,* 78 N. Y. 90; *Lamprey v. Donacour,* 58 N. H. 376, 377; Wharton, Ev. §§ 20, 21; *Trull v. True,* 33 Me. 367; *Huntsman v. Nichols,* 116 Mass. 521; *State v. Witham,* 72 Me. 537.

CASSODAY, C. J.    This action is to recover $1,000, which it is alleged the defendant agreed to pay to the plaintiff as a commission for his services as broker in using his best endeavors to procure and procuring a proper person to purchase the land described, with interest thereon from October

18, 1892. On the day and year last mentioned the plaintiff did procure one Edwin H. Abbot to purchase of the defendant the land, according to the terms and conditions. agreed to by and between the defendant and the plaintiff, to the effect that the property should be sold for $50,000, of which $5,000 was to be cash and the balance secured by mortgage payable within five years, with interest at five per cent. per annum. The plaintiff performed fully all the conditions precedent in the contract on his part. The defendant failed to keep and perform the contract on his part,. and failed to pay the plaintiff his commission as agreed. The defendant answered by way of a general denial. At. the close of the trial the jury returned a verdict in favor of the plaintiff and assessed his damages at $1,200.50. From the judgment entered thereon the defendant brings this. appeal.

It appears that the defendant owned only a one third interest in the property; that all the owners desired to sell it in order to divide the proceeds; that the defendant did not give the plaintiff the exclusive right to sell; that the property was then in the hands of another agent, by the name of Barber, to sell. The testimony is conflicting, and the case close on some questions of fact. Error is assigned because the plaintiff was allowed to prove by the witness Barber that the defendant had told him, in effect, that by reason of their anxiety to sell the property and divide the proceeds. they would reduce their former price to $50,000; and that he might sell it at that price for one fourth down and the balance in one, two, and three years at six per cent. interest; and that the usual commission paid to real-estate agents in Milwaukee for the sale of property of that value was two per cent. of the purchase price. Such evidence was inadmissible under the repeated rulings of this court. *Kvammen v. Meridean Mill Co.* 58 Wis. 399; *Nash v. Hoxie,* 59 Wis. 384;. *Kelley v. Schupp,* 60 Wis. 76. Evidence of such collateral

facts, incapable of affording any reasonable presumption or inference as to the facts in issue, simply tended to divert the minds of the jurors from the issue being tried, and hence to mislead them to the prejudice of the defendant. 1 Greenl. Ev. § 52. As stated by another author, and quoted by Mr. Jones in his recent excellent work on the law of evidence, the admission of such testimony is manifestly unjust, "since the conduct of one man under certain circumstances, or toward certain individuals, varying as it will necessarily do according to the motives which influence him, the qualities he possesses, and his knowledge of the character of those with whom he is dealing, can never afford a safe criterion by which to judge of the behavior of another man similarly situated, or of the same man toward other persons." 1 Jones, Ev. § 140, and authorities cited. The furthermost this court has gone in the admission of evidence of collateral facts has been where there is a direct conflict of testimony as to the price orally agreed to be paid for property, to admit evidence of its real value at the time of the contract. *Valley L. Co. v. Smith,* 71 Wis. 304; *Bell v. Radford,* 72 Wis. 402; *Mygatt v. Tarbell,* 85 Wis. 467. Whether, in case of conflict and evenly balanced testimony as to the contract price for services, evidence of the value of the services or cost of performance is admissible has, in one of the cases cited, been left undecided. *Kvammen v. Meridean Mill Co., supra.* In a more recent case, in an action for an alleged balance due for work, evidence of the terms of the defendant's contracts and custom with other workmen was held inadmissible, in the absence of knowledge thereof on the part of the plaintiff. *Brunnell v. Hudson S. M. Co.* 86 Wis. 587, 589.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.