HENRY SCHMIDT v. LEROY TURNER.

TESTIMONY AS TO FAIR PRICE OF CERTAIN WORK ADMISSIBLE TO REBUT TESTIMONY AS TO MARKET PRICE.

Where the terms of a written contract for the excavation of a ditch are ambiguous, and a fair price for the work can be determined, in an action on such contract, only from the particular circumstances of the case, and defendant has produced testimony for the purpose of showing the fair market price to explain the ambiguity, the admission of evidence in rebuttal by plaintiff, to show the fair price of such work, is not reversible error.

ERROR to Hamilton common pleas court.

**Moulinier, Bettman & Hunt,** for plaintiff in error.

**Geoffrey Goldsmith** and **J. R. Jordan,** for defendant in error.

## SWING, J.

This case is in this court on error to the judgment of the court of common pleas. The only error complained of relates to the admission of certain evidence by the plaintiff below, offered and received in rebuttal. The action was on a written contract for digging a ditch. The only question in controversy is as to the price at which the work was to be done: whether it was thirty-five cents per foot or thirty-five cents per yard. The plaintiff claimed it was thirty-five cents per lineal foot, while the defendant claimed it was thirty-five cents per cubic yard.

It is undisputed that two copies of the contract were written out. The one kept by plaintiff was signed by both parties and was for thirty-five cents per foot; the one retained by defendant was signed by Turner. This one also was for thirty-five cents per foot. On the back of this was an unsigned statement that it was to be thirty-five cents per yard, which defendant claimed was the agreed price.

By way of defense, the defendant offered the evidence of three witnesses, who gave evidence tending to show that they were contractors of experience in such work in the locality of this work, and they were asked as to the fair market price for such work in that locality at that time and over the objection of the plaintiff they were permitted to answer what the fair market price was.

It was claimed to come within the rule announced in *Allison* v. *Horning,* 22 Ohio St. 138, and *Tompkins* v. *Starr,* 41 Ohio St. 305, 307. In *Allison* v. *Horning, supra,* the syllabus is as follows:

"In an action to recover the amount due on a contract for work, when the testimony is conflicting as to the price agreed upon for the work, it is competent to show the value of such work at the time the contract was made, as tending to show what the agreed price was."

On page 142, the court, in discussing the evidence of the case, say:

"But it was of some value, as tending to show the improbability of the claim of the defendant, and to enable the jury to arrive at the truth upon the point at issue between the parties, and was, therefore, admissible for what it was worth, in connection with the other evidence in the case."

In the opinion, page 142, the court cites two cases as sustaining its conclusions and quotes from *Kidder* v. *Smith,* 34 Vt. 294, as follows:

" 'When the testimony is conflicting as to the price agreed upon

in the sale of personal property, it is competent to show the value of the property at the time of sale, as tending to show what the real contract was.' The chief justice, in delivering the opinion, said: 'The parties were in dispute, and their evidence conflicting—whether the defendant was to pay $35 or $60 for the mare; and it became necessary to resort to circumstances and probabilities to determine which was right. As showing, a probability in favor of the defendant's version of the trade, we think it was competent for the defendant to prove the value of the mare to be even less than the sum he agreed he was to pay.' ''

The court also quote from *Swain v. Cheney,* 41 N. H. 232, as follows:

''Evidence was admissible as bearing upon the probabilities of the case to show what the usual and common price paid at that time and place for similar services.''

The conclusion of the court is evidently based on the Vermont case rather than the New Hampshire case, as the two are not exactly the same in principle.

The case of *Allison* v. *Horning, supra,* is followed in the case of *Spurck* v. *Dean,* 49 Neb. 66 [68 N. W. Rep. 375] ; the third proposition of the syllabus in the case being as follows:

''Where in an action to recover an amount alleged to be due the plaintiff as wages for work and labor performed at an agreed price, there is a conflict in respect to the amount agreed upon, evidence of the value, at the time of the contract, of the work performed, is competent and admissible.''

In the case of *Valley Lumber Co.* v. *Smith,* 71 Wis. 304 [37 N. W. Rep. 412; 5 Am. St. Rep. 216], the first proposition of the syllabus is as follows:

''Where there is a direct conflict of testimony as to the price orally agreed to be paid for property, evidence of its real value at the time of the contract is admissible.''

In *Kvammen* v. *Mill Co.* 58 Wis. 399 [17 N. W. Rep. 22], the second proposition of the syllabus is as follows:

''In an action for the balance due on a parol contract for manufacturing laths, the complaint alleged that the agreed price was forty-five cents, and the answer that it was twenty-six cents, per thousand. It appeared that, in pursuance of the contract, the work had been done in the defendants' mill and it had furnished the power, oils, files, and twine, and had done the filing and mill-wright work: *Held,* that evi-

dence on the part of the plaintiff as to the usual price for sawing laths in mills generally, was inadmissible.''

These last two cases cite the case of *Allison* v. *Horning, supra.*

It will be seen that the foundation on which the rule rests is not very substantial and that the value of the evidence is not considered very great. It is considered of some value and is admitted for what it is worth, is about the best that can be said of it.

We find no decision which goes to the extent of admitting evidence as to the ''market price'' in such cases, and it would seem from the case of *Kvammen* v. *Mill Co. supra,* where ''usual price'' was held inadmissible that ''market price'' would be equally inadmissible. Probably there could be no such thing as a ''market price'' for digging a ditch, that the difference which must naturally exist in different ditches would require different prices and therefore preclude the establishment of a market price.

It is doubtful whether plaintiff in error had properly saved an exception to the evidence offered by plaintiff in rebuttal. Evidence was offered by plaintiff in chief without objection on the part of the defendant as to the number of men and as to the time that they worked on this work, so that whether the objection of defendant to this kind of evidence when offered by plaintiff in rebuttal was well taken or not would probably be immaterial for the reason that the evidence was already before the jury without objection.

But we are of the opinion that this evidence was proper by way of rebuttal to the evidence of the defendant as to market price.

The judgment will be affirmed.

**Jelke** and **Giffen, JJ.,** concur.