## MOODY v. PEIRANO.*

### Court of Appeal, First District; March 1, 1906.

#### 84 Pac. 783.

**Sale of Seeds—Breach of Warranty.—The Measure of Damages** for breach of a warranty as to the quality or variety of certain seeds sold to plaintiff is the difference of the value of the crop produced and the value of the crop that would have been produced had there been no breach of warranty.[1]

**Sale of Seeds.—In an Action for Breach of Warranty of Variety** of seed wheat sold, plaintiff alleged that defendant warranted the wheat to be "White Australian," but that it was actually wheat of another and inferior variety, and produced a crop of hay inferior to that which would have been grown had the wheat been of the variety warranted, and that by reason of the premises plaintiff had been dam-

---

*For subsequent opinion, see 4 Cal. App. 411, 88 Pac. 380.

[1] Cited in the note in 37 L. R. A., N. S., 86, on the liability of a vender of seeds.

aged in the sum of $1,000. Held, that the complaint sufficiently alleged that the crop produced was of less value than the crop that would have been produced if the wheat had been as warranted, and was therefore not demurrable for failure to specially allege the damages sustained.

Sale of Seeds.—Where, in an Action for Breach of Warranty, the court found the facts as alleged in the complaint. as to the sale of the seed wheat in question, the warranty, the breach, the planting of the wheat, and that the crop produced was inferior to that which would have been produced had there been no breach, and further found that plaintiff had been damaged in the sum of $359.50, for which sum, less a counterclaim, judgment was given, such findings were sufficient to support the judgment, without a finding of the evidentiary facts showing such damage.

Sale of Seeds—Breach of Warranty—Evidence.—Where, in an action for breach of warranty in the sale of seed wheat warranted to be "White Australian," defendant testified that he sold to M. wheat from the same lot from which he sold plaintiff, evidence of M. that he bought wheat of defendant near the time when plaintiff bought his wheat, and that, when the crop was grown, it proved to be different wheat from "White Australian," was relevant and material to show that the wheat sold to plaintiff was not of that variety.

Sale of Seeds—Evidence—Res Inter Alios Acta.—In an action for breach of warranty of the variety of certain seed wheat sold, testimony of a third person that defendant sold wheat to him in the same season that the wheat was sold to plaintiff, and warranted it to be of the variety warranted to plaintiff, was res inter alios acta, and inadmissible.

Witnesses—Cross-examination — Collateral Matters.—Where a witness is cross-examined as to collateral matters not testified to in chief, the party conducting the cross-examination is bound by the witness' answers as to such matters, and cannot contradict the same by other evidence for the purpose of impeaching the witness.

APPEAL from Superior Court, Santa Clara County; A. L. Rhodes, Judge.

Action by W. D. Moody against G. Peirano. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Wm. P. Veuve for appellant; F. J. Hambly for respondent.

HALL, J.—Appeal from judgment for plaintiff and order denying defendant's motion for a new trial.

The action is one for damages for breach of warranty as to the variety of certain seed wheat sold by defendant to

plaintiff. It is alleged that plaintiff purchased of defendant 27,760 pounds of seed wheat for planting. That defendant warranted said seed wheat to be "white Australian." That plaintiff planted the same, and it produced a crop of 275 tons of hay. That said wheat was not "White Australian," but was another and inferior variety, and produced a crop of hay inferior to that which would have been grown had said wheat been of the variety known as "White Australian" seed wheat. That by reason of the premises the plaintiff has been damaged in the sum of $1,000. Defendant demurred for insufficiency of facts to constitute a cause of action, which demurrer was by the court overruled. In this the court did not err. The point relied on is that the damages are not specially alleged. The measure of damages for breach of warranty as to quality or variety of seeds sold for planting is the difference between the value of the crop produced and the value of the crop that would have been produced had there been no breach of warranty: Wolcott v. Mount, 36 N. J. L. 262, 13 Am. Rep. 438; Wolcott v. Mount, 38 N. J. L. 496, 20 Am. Rep. 425; 1 Sedgwick on Damages, sec. 191; Passinger v. Thorburn, 34 N. Y. 634, 90 Am. Dec. 753; White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13; Van Wyck v. Allen, 69 N. Y. 61, 25 Am. Rep. 136. The complaint alleges a breach of the warranty, and in terms alleges that the seed wheat "produced a crop of hay inferior to that which would have been grown had said seed wheat been of the variety known as 'White Australian' seed wheat. That by reason of the premises the plaintiff has been damaged in the sum of $1,000." The word "inferior" is defined by Webster as meaning less important or less valuable. The allegation, therefore, that the wheat produced a crop of hay inferior to that which would have been grown had said seed wheat been of the variety known as "White Australian," is in substance an allegation that the crop produced was of less value than the crop that would have been produced if the wheat had been as warranted. This was followed by the allegation that by reason of the premises the plaintiff has been damaged in the sum of $1,000. Thus the complaint states the cause of the damage and the amount of the damage, and in the face of a general demurrer only certainly is sufficient. "Where, under the allegation of damages in the complaint or declaration, the plaintiff would be entitled to

recover some amount, although nominal, the complaint is not demurrable": 5 Ency. of Pl. & Pr. 704; Cowley v. Davidson, 10 Minn. 392 (Gil. 314). See, also, 5 Ency. of Pl. & Pr. 738; Sunnyside Land Co. v. Willamette Bridge Co., 20 Or. 544, 26 Pac. 835; Colrick v. Swinburne, 105 N. Y. 503, 12 N. E. 427; McCarty v. Beach, 10 Cal. 462.

It is urged that the findings do not support the judgment. The facts as to the sale of seed wheat, the warranty, the breach, the planting of the wheat, and that the crop produced was inferior to what would have been produced had there been no breach of warranty, are found as alleged in the complaint, and that plaintiff has been damaged by the breach of said warranty in the sum of $379.50, for which sum, less a counterclaim found to be due defendant from plaintiff, judgment was given plaintiff. The facts found as above set forth fully cover the allegations of the complaint, and are sufficient to support the judgment. Under the pleadings it was not necessary for the court to find the various evidentiary facts that show that the amount of the damages did amount to $379.50.

The third point relied on by appellant for a reversal is that the court erred in overruling his objections to certain questions asked witnesses Myall and Main. Mayall testified, over the objection of defendant, to the effect that he bought wheat of defendant near to the time when plaintiff bought his wheat, and when the crop was grown it proved to be a different wheat from White Australian. Defendant testified in this connection that he sold Myall wheat from the same lot from which he sold plaintiff. It is thus apparent that this testimony of Myall, taken in connection with the testimony of the defendant, tended to show that the wheat sold plaintiff was not "White Australian," and was therefore material and relevant. The witness Myall was also permitted to testify, over the objection of defendant, that defendant represented to him that the wheat he was selling him was White Australian. And also, after plaintiff had rested his case in chief, and defendant had closed his case, plaintiff was allowed to prove by the witness Main, over the objection of defendant, that it was not rebuttal, and was incompetent, irrelevant and immaterial, that defendant had sold wheat to him (Main) in the same season when he sold to plaintiff, and had warranted it to be "White Austra-

lian.'' This was clearly error. Except where the knowledge, notice or intention of a party is a material fact in the case, the rule is that no evidence of similar transactions with third parties can be given. Such evidence is uniformly rejected: 1 Whar. Ev., sec. 29; Martinez v. Planel, 36 Cal. 578; King v. La Grange, 61 Cal. 221; Roberts v. Dixon, 50 Kan. 436, 31 Pac. 1083; Gill v. Staylor, 97 Md. 665, 55 Atl. 398; Davis v. Kneale, 97 Mich. 72, 56 N. W. 220; Roles v. Mintzner, 27 Minn. 31, 6 N. W. 378; McLoghlin v. Bank, 139 N. Y. 514, 34 N. E. 1095; Aiken v. Kennison, 58 Vt. 665, 5 Atl. 757; Repass v. Richmond, 99 Va. 508, 39 S. E. 160; Hartman v. Evans, 38 W. Va. 669, 18 S. E. 810; Kelly v. Schupp, 60 Wis. 76, 18 N. W. 725; Oliver v. Morawetz, 95 Wis. 1, 69 N. W. 977.

The evidence as to representations and warranties made to third parties was clearly res inter alios acta. Such evidence did not tend to prove that defendant warranted the wheat he sold to plaintiff. The fact that defendant, in answer to questions put by plaintiff, in cross-examination (also over defendant's objections), had testified that he had not warranted the wheat sold to Main to be White Australian, did not make such evidence admissible. When a witness is cross-examined as to collateral matters not testified to in chief, the party conducting the cross-examination is bound by the answers of the witness as to such matters, and cannot contradict such answers by other evidence for the purpose of impeaching the witness: Trabing v. Calif. etc. Imp. Co., 121 Cal. 137, 53 Pac. 644; Redington v. Pacific Postal Co., 107 Cal. 317, 48 Am. St. Rep. 132, 40 Pac. 432. The evidence as to warranties to third persons was inadmissible for any purpose, and the objection that it was immaterial and irrelevant was sufficiently definite: Morehouse v. Morehouse, 140 Cal. 88, 73 Pac. 738. In this case the main controversy was as to whether or not the defendant had warranted the wheat sold to plaintiff to be ''White Australian,'' and the erroneous admission of the testimony above referred to was clearly prejudicial: Rulofson v. Billings, 140 Cal. 452, 74 Pac. 35; Estate of James, 124 Cal. 653, 57 Pac. 578, 1008; Helling v. Schindler, 145 Cal. 303, 78 Pac. 710.

The judgment and order must be reversed, and it is so ordered.

We concur: Harrison, P. J.; Cooper, J.