KUNITZ, Respondent, vs. RUSKE, Appellant.

*March 8—April 5, 1921.*

*Contracts: Dispute concerning agreed price of doing work: Evidence of reasonable value of work: Competency.*

1. To render evidence of the value of services admissible on an issue as to the contract price for such services, there must be a direct conflict as to the contract price, and the difference must be so great that the reasonable value thereof from the standpoint of the parties when the contract was made may reasonably discredit the evidence on one side and corroborate that on the other.

2. Where plaintiff claimed defendant agreed to pay $500 for plastering and $375 for doing the stucco work on his house, while defendant claimed plaintiff was to do the whole work for $500, there was such a direct conflict and such a differ-

ence in the amounts claimed as warranted the court in ad-
mitting evidence of the reasonable value of doing the work
and furnishing the materials.

3. On an issue as to the agreed price of doing certain work,
evidence as to the actual cost is incompetent; but where there
was evidence that the reasonable value of the work and
materials was from $900 to $950, the erroneous admission of
evidence that the actual cost of the work was $924 was not
prejudicial.

APPEAL from a judgment of the circuit court for Dodge
county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The plaintiff, as a contractor, made an arrangement with
the defendant by which the plaintiff was to plaster the
defendant's house and also to stucco the defendant's house.
He was also to do some additional work as to which there is
no dispute. It is the contention of plaintiff that defend-
ant agreed to pay for plastering the house $500, for stucco-
ing the house $375. It is the contention of the defendant
that the plaintiff was to do the entire work for $500. The
jury found in favor of the plaintiff and judgment was
rendered accordingly, from which the defendant appeals.

For the appellant the cause was submitted on the brief of
*Otto Kuenzli* of Watertown.

For the respondent there was a brief by *Kading & Kading*
of Watertown, and oral argument by *C. A. Kading.*

ROSENBERRY, J. It is the contention of the defendant
that the court erred in admitting testimony over the ob-
jection of the defendant in two particulars:

First. The court permitted the plaintiff to show the
reasonable value of the services and materials rendered
and furnished by the plaintiff to the defendant.

Second. The court permitted the plaintiff to show the
actual cost of doing the work.

The plaintiff testified that the defendant requested him
to make an estimate; that he measured up the work, met the
defendant near the plaintiff's house, having with him the

memorandum book in which he had made the figures for his estimate; that he told the defendant that he would do the plastering for $500 and the stuccoing for $375, which amounts he claims the defendant agreed to pay him. To support his claim the plaintiff then offered evidence as to the reasonable value of the material and work, which amounted to $900 to $950, and also showed that the actual cost of doing the work was $924.60, which included ten cents per hour of every man on the job as a profit for the plaintiff.

The defendant testified that he, accompanied by his wife and one Smith, went to the plaintiff's place in a car; that the plaintiff did not have with him and did not read from a book, but that the plaintiff stated that he would do the job for $500, excepting the cistern and other items as to which there is no dispute. The defendant denied that some of the men who, according to the plaintiff, had worked upon the job, had as a matter of fact worked there. The defendant was corroborated by the testimony of his wife and by the testimony of Smith, who appears to have been a disinterested witness. There is no claim on either side that a contract was made at any other time or place.

1. Admissibility of evidence as to the reasonable value of the labor and materials performed and delivered for the benefit of the defendant.

The general rule is stated thus: Where the parties to a special contract for services are in dispute as to the compensation fixed by the contract, evidence of the value of the services is admissible as bearing upon the probabilities of the case, that is to say, as tending to show which statement is more likely to be true. The purpose of the evidence is to corroborate the party offering it as giving probability to his statement in regard to the amount fixed by contract and to cast doubt and improbability upon the statement made by the other party. L. R. A. 1915C, 1213, and cases cited. Wisconsin, however, has adopted the rule with substantial

qualifications.    To render such evidence admissible there must be a direct conflict as to the contract price.    The difference must be so great that the reasonable value thereof from the standpoint of the parties when the contract was made may reasonably discredit the evidence on the one side and corroborate that on the other, affording some reasonable ground for believing that the contract was at the price most in harmony with such evidence.    *Anderson v. Arpin H. L. Co.* 131 Wis. 34, 48, 110 N. W. 788.    See, also, *Kosloski v. Kelly,* 122 Wis. 665, 100 N. W. 1037; *Oliver v. Morawetz,* 95 Wis. 1, 69 N. W. 977; *Brunnell v. Hudson S. M. Co.* 86 Wis. 587, 57 N. W. 364; *Kvammen v. Meridean M. Co.* 58 Wis. 399, 17 N. W. 22.

In the *Anderson Case* the difference between the parties was about eight per cent., and the trial court held that the difference was not sufficiently great to warrant the introduction of evidence as to the reasonable value of doing the work, and this court held that in so holding the trial court was not clearly wrong.    The rule, no doubt, leaves a considerable latitude for the exercise of the discretion of the trial court.    In this case the conflict between the parties was direct, and the difference between the amount claimed on the one side and on the other so great as to warrant the trial court in admitting evidence as to the reasonable value of doing the work and furnishing the materials in question. Taking defendant's claim as a basis, the difference amounted to seventy-five per cent.

2. Was the evidence as to the actual cost of doing the work admissible?

The reason for admitting evidence of the reasonable value of doing the work does not apply to evidence as to the actual cost of doing the work.    The parties may have and usually do have in mind the reasonable value of supplying the thing or doing the work contracted for.    Neither party can, however, have in view at the time of the making of the contract the actual cost of doing the work because it is

unknown. The actual cost of doing the work, therefore, cannot have influenced either party to the negotiations. It must be borne in mind that the subject of inquiry is not what the contract price should in equity and good conscience have been, but what it in fact was. If the parties agreed upon a price, that price must control whether it be reasonable or not or whether the cost of doing the work greatly exceeded it or not. It can only be set aside for fraud or mutual mistake. Evidence of reasonable value is admitted because it was an element which both parties undoubtedly had in mind at the time of the making of the contract, and if the claimed price is grossly disproportionate to 'the reasonable value, evidence of such reasonable value, in case there is a direct conflict and the difference is great, tends to corroborate one party and discredit the other. Evidence as to the actual cost of doing the work could not have been in contemplation by either of the parties and therefore no inference as to what was the actual price agreed upon can be drawn therefrom.

Language used by Judge COOLEY, *arguendo*, in *Campau v. Moran,* 31 Mich. 280, has been made the basis of some decisions sustaining the right of a party to introduce evidence of the actual cost of doing work. In *Campau v. Moran,* Moran sued Campau for $200, alleged to be the agreed price of doing certain work, Moran to be the judge of the sufficiency of the work done. Upon the trial Moran proved that the work done was worth more than $200. The court said:

"We think the court erred. Had the plaintiff sought to recover on a *quantum meruit* after failing to fulfil the contract according to its terms, evidence of the value of his work would have been pertinent; but this was not the theory of his case. He claimed under a special contract performed on his part, and evidence of the cost or value of the work was unimportant and tended to withdraw the attention of the jury from the real issue."

Moran was also permitted to show, in reply to defendant's case setting up a different contract requiring a more substantial structure, that it would be impossible to build a more substantial structure at the place where this was built for the contract price agreed upon.    This was held error. The court said:

"Such evidence had nothing to do with the case and could have no legitimate bearing on the issue.    It is not so clear, however, that the evidence actually given by the witness under the ruling was objectionable.    Campau testified that he made a very different contract with plaintiff, calling for a much more substantial structure.    When the parties were thus distinctly at issue upon the terms of the contract, evidence that the cost of performance of such a contract as the defendant set up would be greatly in excess of the contract price would certainly afford some reasonable ground for believing that defendant is in error on the facts."

*Campau v. Moran* is referred to in *Kvammen v. Meridean M. Co.* 58 Wis. 399, 17 N. W. 22, and the remark of Judge COOLEY last quoted referred to with apparent approval in *Valley L. Co. v. Smith,* 71 Wis. 304, at p. 307 (37 N. W. 412).    When read in connection with the facts in the case, *Campau v. Moran* is not authority for the proposition that evidence as to the actual cost of doing work is admissible to sustain the plaintiff's claim of an express contract.    In the *Campau Case* the evidence to which Judge COOLEY referred was the probable cost of doing the work under the contract as claimed by defendant.    The defendant claimed an entirely different contract than that claimed by the plaintiff and calling for much more work than was actually done by the plaintiff.    The actual cost of doing the work as claimed by the defendant, therefore, was unknown, and the probable cost could only be determined by estimate or by computing its reasonable value.    *Campau v. Moran* is cited as sustaining the proposition that evidence of cost is admissible and also that it is not admissible where the plaintiff claims under an express contract.    Taken out of its

context, the language last quoted does tend to support the contention that evidence of actual cost is admissible, but when read in connection with the facts it does not support that proposition.

Evidence of the actual cost of doing the work was not admissible and it should have been excluded. The evidence showed that the actual cost of doing the work was $924. According to the testimony offered the reasonable value of doing the work and furnishing the material was from $900 to $950 in round numbers. Under the circumstances of this case we think the admission of testimony as to the actual cost of doing the work and furnishing the material was not prejudicial, although it comes very close to the line.

*By the Court.*—Judgment affirmed.