# Wytheville.

## HYATT, TRUSTEE, & OTHERS v. ZION & OTHERS.

### JUNE 23, 1904.

1. DEED TO SECURE CREDITOR—*Husband and Wife—Fraud of Husband—Agency.*—A husband who induces his wife to unite with him in giving a deed of trust on their joint property to secure a note in bank which he desires to renew and get an extension of time on, is not the agent of the bank, and the bank is not affected by his fraud in procuring her to join in the deed.
2. ESTOPPEL—*Deed to Secure Creditor—Fraud of Grantor's Husband—Injury to Creditor.*—Although a husband fraudulently induces his wife to unite with him in a deed of trust on their joint property to secure a debt due by him, the wife is estopped to set up the fraud against the creditor secured where it appears that he knew nothing of the fraud at the time, and, relying upon the validity of the deed, gave the husband further time within which to pay the debt, took a note without an endorser, and surrendered notes which he claimed and believed were endorsed by party whose name appeared thereon as endorser, although the latter claimed that his endorsement was a forgery.
3. ESTOPPEL—*Innocent Parties—Negligence—Injury.*—Where one of two persons, each guiltless of intentional wrong, must suffer a loss, it must be borne by that one whose conduct, acts or omissions have rendered the injury possible. It is not always necessary that there should be some intentional deception in the act or conduct of the party estopped. It is sufficient if there be such gross negligence on his part as would amount to constructive fraud if he were not estopped from denying such act or conduct.

Appeal from a decree of the Circuit Court of Lee county in a suit in chancery wherein the appellee, Maggie Zion, was the complainant, and the appellants and others were the defendants.

*Reversed.*

The opinion states the case.

*Irvine & Slemp* and *L. T. Hyatt,* for the appellants.

*E. M. Fulton* and *J. C. Noel,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The object of this suit, which was instituted by the appellee, Mrs. Zion, was to have set aside, so far as it affected her interests, a deed of trust executed by her and her husband, conveying a tract of land owned jointly by them, to secure the payment of a negotiable note made by her husband and held by the Pennington Gap Bank. The ground upon which she sought to have it set aside was the fraud of her husband in procuring her signature to, and her acknowledgment of, the deed of trust.

It clearly appears from the record that Mrs. Zion was induced by her husband to sign and acknowledge the deed of trust, without reading or having it read, by his false and fraudulent representation that the conveyance executed by her related to a wholly different subject matter, one in which she had no interest except a contingent right of dower. It further appears that the husband had been, for some years prior thereto, borrowing money from the said bank upon notes made by himself and bearing the endorsement "R. E. Litton," a brother of Mrs. Zion. In October, 1901, upon the maturity of two notes aggregating $1,625.00, the husband renewed the notes for ninety days, giving as usual notes which bore the endorsement "R. E. Litton." In November following Litton, upon inquiry at the bank, was informed that Zion, the husband, was indebted to the bank in the sum of $1,625.00, evidenced by two notes, and that he (Litton) was endorser thereon. Litton thereupon denied his liability, claiming that his signatures were forgeries, but, upon leaving the bank, he requested it to let the matter rest until Zion, the maker, who was absent from home, returned, when he (Litton) would

see him, and try to have it straightened out. When Zion returned he undertook, it seems, to get two others to unite with Litton in endorsing a note in renewal of the notes held by the bank, but in this he failed. Whereupon Litton wrote the bank to take a deed of trust on Zion's property, which was afterwards conveyed by the deed of trust. The next day, or very shortly after that suggestion was made by Litton, Zion went to the bank and asked if it would take a deed of trust on the land mentioned, and allow him to pay the interest, reduce the debt to $1,500, and give a new note payable in October, 1902. The bank agreed to his proposition, to take effect about the first of the year 1902, when the notes held by the bank matured. The cashier promised to prepare the deed of trust, but on account of press of business had not done so when Zion returned to get it, but the cashier did write it in a few days afterwards, and gave it to Zion for him and his wife to execute. In a short time Zion returned with the deed of trust signed and acknowledged by himself and his wife, and delivered the same to the bank, with his renewal note for $1,500, payable in October, 1902. The bank cancelled the notes bearing Litton's name as endorser, and surrendered them to Zion. The bank at that time, and for some months afterwards knew nothing of the fraud which Zion had perpetrated upon his wife in inducing her to execute the deed of trust.

The contention of Mrs. Zion is that her husband in inducing her to execute the deed of trust was the agent of the bank, and that the deed of trust is subject to be impeached, as against the bank, to the same extent as if the bank itself had been guilty of the fraud, under the well settled doctrine laid down in *Crump v. U. S. Mining Co.,* 7 Gratt. 352, 56 Am. Dec. 116, that any species of fraud, misrepresentation, or concealment in an agent affects the principal's right to recover.

The evidence does not show that Zion, the husband, was the agent of the bank. He was acting for himself in carrying out

an arrangement which was suggested, not by the bank, but by himself and his brother-in-law, Litton. He was no more the agent of the bank in getting his wife to unite with him in the deed of trust than he would have been if he had obtained other persons to unite with Litton in endorsing a renewal note, as was first suggested and attempted. A person who has borrowed money from a bank and desires to renew the note and get further time, and is informed that he may do so by giving a deed of trust to secure its payment, in which his wife unites, is no more the agent of the bank than he would be if told that he could renew by giving his note with his wife or any other person as endorser. In such a transaction he is representing himself, and not the bank.

It is further insisted that, even if this be so, the wife is not estopped from having the deed of trust set aside, because the bank, by reason of taking the deed of trust, is not in any worse condition than it would have been if the deed of trust had not been executed.

If this were true, there would, of course, be no estoppel, since the doctrine of equitable estoppel has its foundation in natural justice and good conscience. *Mercantile, &c. Bank* v. *Brown,* 96 Va. 614, 622, 32 S. E. 64; 2 Pom., sec. 802. But it cannot be said that Mrs. Zion's act did not prejudice the bank. It relied upon, and had the right to rely upon, the validity of the deed of trust. Upon the faith of it the bank gave the husband further time within which to pay his indebtedness, took a note without an endorser, and surrendered the notes upon which it claimed and believed that Litton was endorser, although denied by him.

This is a hard case, but it results from Mrs. Zion's gross negligence in not ascertaining what were the contents of the deed of trust before she executed it. It is not always necessary that there should be some intended deception in the act or conduct of the party estopped; it is sufficient if there be such gross neg-

ligence on his part as would amount to constructive fraud if he were not estopped from denying such act or conduct. *Hanshaw v. Birsell,* 18 Wall. 255, 272, 21 L. Ed. 835; *Repass v. Richmond, &c.,* 99 Va. 508, 511, 39 S. E. 160. This case comes within that principle, we think, that when one of two innocent persons—that is, persons each guiltless of intentional moral wrong—must suffer a loss, it must be borne by that one who by his conduct, acts or omissions has rendered the injury possible. *Mercantile, &c. Bank v. Brown, supra;* 2 Pom. Eq., sec. 803.

Having reached the conclusion that the deed of trust is a valid lien on Mrs. Zion's interest in the land conveyed, it is unnecessary to consider the question whether or not the partition between Mrs. Zion and her husband of the land conveyed by the trust was fair and equitable, since the whole land is liable for the debt due the bank.

We are of opinion, therefore, that the decree appealed from should be reversed, so far as it holds that the deed of trust is invalid, and the cause remanded to the Circuit Court for further proceedings not in conflict with this opinion.

*Reversed.*