[No. 5719.]

## WELCH v. BROWN.

**1. Evidence—Relevancy—**Plaintiff having united with her husband in conveying lands to the defendant, the president of a bank, and the husband having delivered the deed as security for moneys by him then owing the bank, and moneys afterwards to be advanced, with authority to defendant to dispose of the lands and apply the proceeds to the debts so due and to become due from the husband to the bank, the wife demanding the moneys derived from the sale of the lands, evidence that they originally belonged to the husband and were conveyed to the wife, without consideration, has a material bearing upon the husband's authority to deal as he did.—(133)

So, evidence of the agreement between the husband and the defendant, to contradict the claim of the plaintiff that she had been promised by the defendant the value of the lands.—(133)

**2. Ratification—**Wife who conveys lands to the president of a bank, knowing that they are to be sold, and the proceeds applied to discharge an indebtedness of the husband to the bank, knowing of the sale of the lands at the time they are afterwards sold, and that the proceeds are being consumed by the husband, for his benefit, hers, and that of their children, and who makes no demand for the proceeds until eighteen months after the sale, has no action for the proceeds.—(135).

*Appeal from Denver District Court* — Hon. BOOTH M. MALONE, Judge.

Mr. H. L. RITTER, and Mr. ROBERT BONYNGE, for appellant.

Messrs. WALDRON & THOMPSON, for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

Appellant brought this action to recover $2,-250, which was the sum received by the appellee from the sale of an interest in lands situate in Los Angeles county, California, owned by appellant, by her deeded to the appellee, which he sold for the above amount, and for which she claims to have received nothing.

Trial was to the court without a jury, which made a finding of facts in substance that the property mentioned was deeded to appellee by appellant and A. L. Welch, and was accepted under the following conditions: At the time of the making of said deed, A. L. Welch (the husband of appellant), was indebted to The Western Bank (of which the appellee was president), and desired to obtain further credit from the said bank and for the purpose of getting security for said indebtedness, as well as any indebtedness that might thereafter be incurred by him to the bank, the bank demanded of said A. L. Welch that he should give security for the purposes aforesaid. In compliance with said demand, the said A. L. Welch caused the appellant to join with him in the execution of said deed to appellee, as trustee for the said bank, with authority to appellee to sell the same and use and apply the proceeds to moneys then owing and which might thereafter become owing by said A. L. Welch to said bank. At the time of the making of said deed by appellant to appellee, the appellee had no communication or understanding with the appellant, and never at any time agreed with her, or on her behalf, or her account to purchase said real estate from her or to pay her the proceeds or any part from any sale he might make of the property. Appellee never dealt with, or intended to deal with, the appellant in connection with said transaction, nor did he ever contract with her that she should receive any money whatsoever in the sale and disposal of said property, nor did he have any knowledge or belief that she had any other interest in said property than the mere legal title.

The court further found that appellant was advised, at the time of making said deed, as to the purpose for which it had been demanded, and consented;

she knew at the time the property was sold that it had been sold, and for $2,250, and made no demand for the proceeds; knew it was being used for the purposes aforesaid, and made no objection to her husband using the proceeds of said property. That in August, 1901, after she was advised the money had all been used by her husband for the benefit of himself, her and her children, she gave no notice to said bank or said Brown, that the said A. L. Welch had used it without her authority; in fact, she never made any demand upon the bank for said money, and never made any claim thereto until about the month of November, 1902.

The court further found that, by her silence and acquiescence in the use of said money by her husband, she fully ratified and confirmed his acts, both in delivering said deed and in using the proceeds derived therefrom; upon which findings judgment was rendered in favor of the appellee, from which the appellant appeals.

The errors assigned, in substance, are that the judgment is contrary to both the law and the evidence, and that certain evidence was admitted which should have been rejected.

The uncontradicted evidence is, that the property originally belonged to A. L. Welch (the former husband of the appellant) who executed a deed to her for it, without her knowledge and without any money consideration. The appellee was the president of The Western Bank, in which bank Mr. Welch had overdrawn his account some $1,500, which amount was unsecured; he was also owing the bank other sums, for which it held as collateral a deed to an interest in this same property. The appellee insisted upon protection to the bank for the overdrafts; Mr. Welch consented, and a few days thereafter returned with a quit-claim deed executed by appellant

and himself to the appellee for this undivided interest in the property. The understanding between Brown and Welch was, that he (Brown) was to sell it, together with the other interests held by the bank and, when sold, the proceeds for this interest were to go to pay the overdrafts and the balance to be placed to Mr. Welch's credit in the bank. Brown had been led to believe it was Welch's property, although the legal title stood in the name of Mrs. Welch. After making the sale, March 1, 1901, he paid the overdrafts from the proceeds, and placed the remainder to Mr. Welch's credit, against which he (Welch) gave checks until it was finally checked out, September 12, 1901. At no time during this period had he (Brown) seen Mrs. Welch, and he never made any effort to ascertain her position concerning the transaction. A. L. Welch was the agent for the appellant, and the deed to Brown was given December 18, 1900; but the appellant never saw the appellee in reference to the property or proceeds until November, 1902, although she knew the property had been sold in the fall of 1901. The appellant and her husband had trouble in 1902, and were divorced in 1903.

There was a conflict of evidence as to the other findings.

The first contention urged is that, as the deed of conveyance from A. L. Welch to Minerva C. Welch was absolute and contained no trust clause, the appellee could not show that the appellant held the property in trust for her husband and the appellee, as a third person, could not attack the conveyance collaterally, as he attempted to do. Several Colorado cases are cited in support of the rule "that, in the absence of fraud, an express trust cannot be established by parol testimony." With this law we have no contention, but the findings of the trial court

were not that the property was that of the husband. The evidence was competent for the purpose for which it was introduced, namely, as to whether the appellant was advised, at the time she signed the deed, concerning the purposes for which it was to be used, and consented thereto and made the deed for that purpose. The facts and circumstances under which she received the property might have a material bearing upon the question of allowing her husband to dispose of it for his benefit or theirs jointly as testified by him.

The second contention is that, as the deed of conveyance from appellant to appellee was an absolute deed, the appellee could not show any trust arrangements under the Statute of Frauds, and that the court erred in permitting testimony showing the arrangement between the appellee and A. L. Welch whereby the agent got the benefit of the proceeds, and the appellee secured the payment of the indebtedness to his bank. This evidence was not for the purpose of defeating the deed. The deed was made for the purpose of conveying the legal title, and there is no contention that it did not. The appellant herself attempted to show by parol evidence that the consideration was other than that named in the deed ($1.00). If it was admissible on her part to show by parol evidence that appellee promised to pay her a price other than that named in the deed, certainly it was permissible for appellee, by the same kind of testimony, to overcome that offered by the appellant. It is conceded that the true consideration for which a deed is given can be established by parol evidence, to which we agree, and add that, in a disputed case, the disposition of the consideration, how it was to be paid, what became of it, etc., usually have some bearing upon the main question, and can likewise be established by parol evidence.

The third contention is that, although the evi-
dence shows A. L. Welch was the agent of the appel-
lant to deliver the deed, yet it did not clothe the
agent with the *indicia* of title.  The appellee was
bound to take notice of the scope of the agency, and
to advise himself as to whether the agent was au-
thorized to make the unusual and extraordinary
agreement which he attempted; he was put on his
guard; he knew the principal must have given spe-
cific authority.  What the extent of that authority
was, the appellee was bound to ascertain.  If he neg-
lected to do so, and relied upon the agent's statement
and it was untrue, it was at his peril.  "An agent
cannot bind his principal by an agreement to pay the
agent's debt out of the principal's property."  Coun-
sel cite, in support of this position: *Rice v. Lynde-
borough Glass Co.*, 60 N. H. 195; *Yates et al. v. Yates*,
24 Fla. 64; *Glover v. Ames*, 8 Fed. 351.

Assuming the evidence established the facts as
above stated, the authorities seem to be divided upon
the position contended for.—*Spaulding v. Drew*, 55
Vt. 253; *Dewees v. Osborne*, 52 N. E. (Ill.) 942;
*Hyatt v. Zion et al.* (Va.), 48 S. E. 1; *Tompkins v.
Triplett*, 62 S. W. 1021; *Nelson v. McDonald* (Wis.),
50 N. W. 893; *McWilliams v. Mason*, 31 N. Y. 294;
*Insurance Co. v. Clinton*, 66 N. Y. 326; *Norwood v.
Guerdon*, 60 Ill. 253.

But the question becomes immaterial and is not
necessary to determine, when we consider the find-
ings of the trial court on this subject, which were
that the appellant, at the time of making the deed,
was advised as to the purposes for which it had been
demanded and consented; that she also knew, at the
time the property was sold, that it had been sold,
and made no demand for the proceeds, knew it was
being used as it was, and made no objection to her
husband's so using it.  While it is true she testified

as contended by counsel, her evidence, as a whole, is unsatisfactory in support of her own contention. Following the well-known rule that the findings should not be disturbed because they are in conflict with the testimony of the appellant, when there is evidence upon which they can be sustained, prohibits us from accepting her version of this fact, were we otherwise disposed to do so.—*Stephens et al. v. Parvin,* 33 Colo. 60; *Gregory v. Estate of Filbeck,* 20 Col. App. 131; *Ditch & Reservoir Co. v. Irr. & Land Co.,* 27 Colo. 521; *Wheeler v. Watson,* 34 Colo. 36: *Kahn v. Earnest,* 34 Colo. 90.

The fourth contention is, that the findings of ratification by the appellant's alleged silence and failure to demand the money from the appellee, or to repudiate the transaction until about a year and a half after it occurred, is not a good defense, because it is based upon the testimony of the agreement between the appellee and A. L. Welch. As the evidence shows that the transaction was completed before the appellant had knowledge, it is conclusive that the appellee did not rely upon any statement or action of the appellant, but relied wholly upon the statement of A. L. Welch, which was unauthorized and was without her knowledge, so that her conduct in no way induced the actions of the appellee. We do not think this position well taken, as the findings of facts by the trial court are in conflict with what counsel assumes the evidence proves. Besides, it is admitted by the appellant that, for nearly eighteen months after her knowledge of this sale, she did not repudiate it or make any contention concerning it, which tends to establish the correctness of the court's findings; and while, as stated by counsel, it has been held by this court, ''No estoppel is created if the unauthorized transaction is complete before knowledge of it reaches the alleged principal, and the

status of the parties would not be changed by his failure to approve or disapprove, within a reasonable time," this rule does not apply here. The findings are, that the appellant executed this deed for the purposes for which it was used, knowing it and consenting to it.

The fifth contention is, that the consideration for a deed is always open to inquiry, and, as the plaintiff testified, the consideration was to be what the land was worth—what any one else would pay for it—and upon these terms, she authorized her agent, A. L. Welch, to deliver the deed to Brown; it being admitted he obtained $2,250 for it, she is entitled to that amount. This might be proper had the evidence satisfied the trial court of these facts, but, as the findings were otherwise, and are supported by sufficient evidence, they should not be disturbed by us. Perceiving no error in the record, the judgment will be affirmed.　　　　*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.