# Richmond

## J. C. BRADLEY v. BAY TOWING CORPORATION.

October 8, 1973.

Record No. 8187.

Present, All the Justices.

*Howard I. Legum* (*Fine, Fine, Legum & Fine,* on brief), for plaintiff in error.

*John R. Crumpler, Jr.* (*Seawell, McCoy, Winston & Dalton,* on brief), for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

Plaintiff, Bay Towing Corporation, brought an action against J. C. Bradley, defendant, to recover $5,708.50 owing on an oral contract between the parties for the rental by Bradley of a barge and tugboat with captain and crew. The jury returned a verdict in favor of plaintiff for $4,482. The material terms of the contract are in dispute, and we granted a writ of error to consider whether the trial court erred in allowing evidence as to the terms of a separate written contract between defendant and a third party, Deep Sea Ventures, Inc.

Witnesses for Bay Towing testified that the oral agreement was for Bradley to pay $300 per day for the tugboat and $326.25 per week for the barge. Bradley testified that the oral agreement was $300 per day

for both the tugboat and barge, and then only if the tugboat and barge left the dock.

Plaintiff was allowed, over objection, to cross-examine Bradley concerning the terms of the Deep Sea Ventures written contract. Bradley testified on cross-examination that Deep Sea Ventures contracted to pay him separate rentals for the tugboat and the barge whether or not they left the dock. The amounts of the rentals were not disclosed to the jury.

The trial court held that evidence of the Deep Sea Ventures contract was relevant and admissible because the two contracts were "so closely related and connected in time and circumstances as to have a bearing upon [Bradley's] motive and intention upon the Contract in question . . . ."

The general rule is that where the terms of a contract between the litigants are disputed, evidence of one party's agreements with third persons is inadmissible. There is an exception to this general rule only where the knowledge, motive or intention of a party is a material fact in issue. *Turpin* v. *Branaman,* 190 Va. 818, 825, 58 S.E.2d 63, 66 (1950); *Repass* v. *Richmond,* 99 Va. 508, 514, 39 S.E. 160, 162 (1901).

In *Turpin,* the central issue was whether Turpin contracted orally to buy apples from plaintiffs or to sell them as a broker. Evidence of Turpin's agreements with other growers offered by him to establish his course of conduct, habit and custom in similar transactions was rejected. In affirming, we said:

> "There was no ambiguity in the contract relied upon by plaintiffs or in that contended for by defendant. No question of construction was involved. Whichever contract had been entered into, its terms were fixed, certain and plain. . . . The testimony was highly contradictory as to which one of the two alleged contracts, each definite in its character and terms, had been entered into.

> "Upon that issue, the evidential worth of proof of other and former transactions of similar character entered into by a party to this contract with strangers was remote, irrelevant and of no probative value in determining which of the two alleged contracts was actually entered into on this occasion. It would only have added to and confused the issues and tended to distract the minds of the jury from the real question presented." 190 Va. at 824-25, 58 S.E.2d at 65.

In the case at bar, there was no ambiguity in the contract relied upon by Bay Towing or that contended for by Bradley. Whichever contract had been entered into, its terms were fixed, certain and plain. Evidence relating to the terms of the written contract which Bradley had entered into with Deep Sea Ventures was remote, irrelevant and of no probative value to a determination of the issue involved. Moreover, the knowledge, motive or intention of Bradley was not a material issue in the case. Hence, the evidence does not fall within the exception to the general rule.

We hold, therefore, that it was error for the trial court to admit evidence pertaining to the terms of Bradley's contract with Deep Sea Ventures.

The judgment of the trial court will be reversed and the case remanded for a new trial.

*Reversed and remanded.*